**Nos. 26-1922, 26-1923**

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT**

---

STATE OF WASHINGTON, *et al.*,
Plaintiffs-Appellees,

v.

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.*,
Defendants-Appellants.

---

NATIONAL ALLIANCE TO END HOMELESSNESS, *et al.*,
Plaintiffs-Appellees,

v.

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.*,
Defendants-Appellants.

---

On Appeal from the United States District Court
for the District of Rhode Island

---

# EMERGENCY MOTION FOR STAY PENDING APPEAL

---


BRETT A. SHUMATE
*Assistant Attorney General*

MICHAEL RAAB
SARAH CLARK GRIFFIN
*Attorneys, Appellate Staff*
*Civil Division, Room 7216*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 305-8727*

## TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS

INTRODUCTION AND SUMMARY ........ 1

STATEMENT ........ 2

ARGUMENT ........ 4

I. The federal government is likely to prevail on its appeal. ........ 4

II. The equitable factors favor a stay pending appeal. ........ 10

CONCLUSION ........ 13

CERTIFICATE OF COMPLIANCE

APPENDIX

## INTRODUCTION AND SUMMARY

The U.S. Department of Housing and Urban Development (HUD) and Secretary Scott Turner (as well as the Office of Management and Budget and Russell Vought, in *National Alliance to End Homelessness v. HUD*) request a stay pending appeal of the district court's August 7, 2026 summary judgment decision vacating HUD's 2026 notice of funding opportunity (NOFO) for this year's Continuum of Care awards. To afford the government sufficient time to make new awards by December 1, 2026, as required by Congress, defendants respectfully request relief by August 21, 2026.

Congress has authorized HUD, through the Continuum of Care program, to provide funding to nonprofits and state and local governments assisting people experiencing homelessness. Congress appropriated over $4 billion dollars for the Continuum of Care program for fiscal year 2026 and directed HUD to issue a NOFO for those funds by June 1, 2026, and to award them by December 1, 2026. The 2026 NOFO reflects HUD's determination that previous housing policies have failed to ameliorate a worsening homelessness crisis. Private organizations, localities, and states challenged the 2026 NOFO and the parties filed expedited cross-motions for summary judgment. On August 7, the district court vacated the 2026 NOFO, imperiling HUD's ability to meet Congress's December 1 deadline.

A stay is warranted here. The district court erred in concluding that HUD was required to go through notice and comment before issuing the 2026 NOFO. And the equities tip heavily in the federal government's favor. HUD cannot meet Congress's

December 1 deadline without a stay. Without a stay, the district court decision will thus deprive the government of adequate time to complete a grantmaking process under the 2026 NOFO by Congress's deadline. The federal government therefore respectfully requests relief by August 21, 2026.

## STATEMENT

**1.** The grants at issue in this case arise under the McKinney-Vento Homeless Assistance Act, 42 U.S.C. § 11381 *et seq.*, and the 2009 Homeless Emergency Assistance and Rapid Transition to Housing (HEARTH) Act, which amended the McKinney-Vento Act and consolidated a number of HUD's competitive grant programs on homelessness into the Continuum of Care program. *See* HEARTH Act, Pub. L. No. 111-22, §§ 1301-1306, 123 Stat. 1632, 1680-96 (2009), *codified at* 42 U.S.C. §§ 11381-11388. Since then, Congress has appropriated, and HUD has granted, funds under the Continuum of Care program to meet Congress's express purposes for the program, which include "optimiz[ing] self-sufficiency among individuals and families experiencing homelessness" and "provid[ing] funding for efforts by nonprofit providers and State and local governments to quickly rehouse homeless individuals and families while minimizing the trauma and dislocation caused to individuals, families, and communities by homelessness." 42 U.S.C. § 11381. HUD awards Continuum of Care grants on a nationally competitive basis, using statutory selection criteria and "such other factors as the Secretary determines to be appropriate to carry out this part in an effective and efficient manner," *Id.* § 11386a(b)(1)(G); *see also id.* § 11382(a).

**2.** Congress appropriated $4,010,000,000 for the Continuum of Care program for fiscal year 2026. *See* Pub. L. No. 119-75, div. D, tit. II, 140 Stat. 173, 399 (2026 Appropriations Act). Congress directed HUD to issue a NOFO for those funds by June 1, 2026, and make awards by December 1, 2026. *Id.* at 400.

HUD issued the 2026 NOFO on June 1, 2026. *See* ECF 35-1, *Washington v. HUD*, 1:26-cv-439 (D.R.I.) (2026 NOFO). Among other features, the 2026 NOFO set aside $1.3 billion of the appropriated funds for new projects with a priority for transitional housing and "supportive services only" projects (as opposed to permanent housing) to "increase competition, broaden the applicant pool, and restore balance to the Continuum of Care Program." *Id.* at 36-37.

Two sets of plaintiffs—a group of states and a group of private organizations and localities—challenged the 2026 NOFO and the parties conducted expedited summary-judgment briefing.[1]

**3.** On August 7, the district court resolved the cross-motions for summary judgment, vacating the 2026 NOFO but declining to permanently enjoin various funding conditions contained in the NOFO. App. 10, 45.[2] Specifically, the district court concluded that HUD should have gone through notice and comment before setting

[1] The same plaintiffs successfully challenged HUD's 2025 NOFO earlier this year. *See NAEH v. HUD*, No. 1:25-cv-626, 636, 2026 WL 1863886 (D.R.I. June 29, 2026); *see also NAEH v. HUD*, 171 F.4th 473 (1st Cir. 2026).

[2] The cases have been handled together in district court but not formally consolidated. The government has noticed appeals in both cases and is filing a combined stay motion for both appeals.

aside funds prioritizing transitional housing and "emphasizing enrollment in supportive services." App. 4, 7, 39, 42. In so concluding, the district court relied on a statutory provision stating that "[t]he Secretary shall provide bonuses or other incentives" for Continuum of Care funding "for activities that have been proven to be effective at reducing homelessness," 42 U.S.C. § 11386b(d)(1), and that "activities that have been proven to be effective at reducing homelessness . . . includes" certain forms of permanent housing and "any other activity determined by the Secretary, based on research and after notice and comment to the public, to have been proven effective at reducing homelessness," *id.* § 11386b(d)(2), (d)(2)(C). Having concluded that notice and comment was required for the set-aside, the district court vacated the 2026 NOFO in its entirety. App. 10, 45.

**4.** The federal government appealed and sought a stay pending appeal from the district court. The district court denied the stay motion on August 13. App. 17, 52.

## ARGUMENT

A stay is warranted here, as the federal government is likely to succeed on the merits of its appeal and the equities tip heavily in its favor. *See Nken v. Holder*, 556 U.S. 418, 426 (2009).

### I. The federal government is likely to prevail on its appeal.

Defendants are likely to succeed on appeal, because the district court erred in concluding that HUD was required to go through notice and comment before setting aside funds prioritizing transitional housing and "supportive services only" projects.

**A.** HUD was not required to use notice and comment to establish the set-aside, because the set-aside is not a bonus or other incentive within the meaning of the statute. The Secretary established the set-aside under his statutory authority to adopt award selection criteria that, in his judgment, are "appropriate to carry out" the Continuum of Care program "in an effective and efficient manner." 42 U.S.C. § 11386a(b)(1)(G). HUD uses award selection criteria to determine which projects will receive standard funding. Grantees who are selected may then be eligible for additional funding in the form of bonuses or incentives, which they can use for any eligible Continuum of Care activity. *See* 42 U.S.C. § 11386b(e). Reading the set-aside as an incentive would erase this funding distinction.

The district court reasoned that setting aside a large sum of funds for transitional housing and supportive services naturally "incentivizes grantees to conform their Continuum of Care programs to HUD's goals." App. 8, 43. But under that reasoning, any selection criteria or requirement would also be a bonus or other incentive within the meaning of 42 U.S.C. § 11386b(d), because any such criteria would encourage grantees "to conform their Continuum of Care programs to HUD goals." But that would effectively eliminate the Secretary's statutory discretion to establish selection criteria that, in his judgment, are "appropriate to carry out" the Continuum of Care program "in an effective and efficient manner." 42 U.S.C. § 11386a(b)(1)(G). And it would violate the fundamental interpretive canon that a statute "should be construed so that effect is given to all its provisions, so that no part will be inoperative or

superfluous, void or insignificant." *Corley v. United States*, 556 U.S. 303, 314 (2009) (quotation marks omitted).

**B.** Even if the set-aside were a bonus or other incentive, it does not follow that 42 U.S.C. § 11386b(d) required notice and comment. That provision does not restrict the activities that HUD can incentivize—it simply identifies activities that must be incentivized.

The provision states that "[t]he Secretary *shall* provide bonuses or other incentives . . . for activities that have been proven to be effective at reducing homelessness." 42 U.S.C. § 11386b(d)(1) (emphasis added). It then goes on to state that the category of "activities that have been proven to be effective at reducing homelessness . . . includes" permanent supportive housing for chronically homeless people, a suite of services involving rapid and permanent rehousing for homeless families, and "any other activity determined by the Secretary, based on research and after notice and comment to the public, to have been proven effective at reducing homelessness," *id.* § 11386b(d)(2), (d)(2)(C). This provision thus does not say that the Secretary may only provide bonuses or other incentives for the listed activities. Instead, it establishes a mandatory floor: HUD must provide bonuses or other incentives for the activities covered by that subsection. It does not limit HUD's discretion to incentivize activities not covered. Where Section 11386b(d) does not compel an incentive, the Secretary retains his separate statutory discretion to establish other selection criteria that, in his judgment, are "appropriate to carry out" the Continuum of

Care program "in an effective and efficient manner"—including criteria that may influence applicants to propose certain activities. 42 U.S.C. § 11386a(b)(1)(G). This reading balances Congress's grant of discretion to HUD with its prescription regarding activities that must be incentivized year over year.

The provision's use of "includes" "makes clear that the examples enumerated in the text are intended to be illustrative, not exhaustive." *Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142, 162 (2012). In other words, other activities than the three enumerated may be proven effective at reducing homelessness—but the Secretary is only required to incentivize the activities in the enumerated list. By extension, whether an activity qualifies as one "determined by the Secretary . . . , based on research and after notice and comment to the public, to have been proven effective" denotes only whether the statute requires HUD to incentivize that activity—not whether HUD is permitted to incentivize it.

A neighboring subsection shows that Congress speaks clearly when it wishes to limit HUD's discretion to incentivize certain activities. Section 11386b(d)(3) states that "[t]he Secretary shall not implement bonuses or incentives that specifically discourage collaborative applicants from exercising their flexibility to serve families with children and youth defined as homeless under other Federal statutes." 42 U.S.C. § 11386b(d)(3); *see Russello v. United States*, 464 U.S. 16, 23 (1983) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it

is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (alteration in original) (quotation marks omitted)).

The structure of the Continuum of Care program and longstanding HUD practice support this interpretation as well. Section 11386b(c) states that "[n]othing in this chapter may be construed to establish a limit on the amount of funding that an applicant may request under this part for acquisition, construction, or rehabilitation activities for the development of permanent housing or transitional housing." 42 U.S.C. § 11386b(c). Applicants may thus apply for however much funding they want for transitional housing. But the district court's reading would place a functional limit on how much transitional housing funding applicants could request, undermining Section 11386b(c). Moreover, HUD's practice since the statute was first enacted in 2009 has been to use NOFOs to set Continuum of Care funding priorities, without going through notice and comment to identify strategies worth funding. The set-aside is just another example of this practice.

**C.** Finally, even if the district court were correct that the set-aside was a bonus or other incentive and that some form of notice and comment was required, it still erred in concluding that HUD did not satisfy that requirement.

The statutory provision in question requires that the incentivized activity be proven effective at reducing homelessness "based on research and notice and comment to the public." 42 U.S.C. § 11386b(d)(2)(C). The statute does not mention the Administrative Procedure Act (APA) and nowhere requires full, APA-style notice and

comment. Indeed, Congress knows how to import a requirement for APA notice-and-comment into a HUD statute and did not do so here. For example, Congress has stated that HUD, in administering its housing-voucher programs, "shall, under the rulemaking procedures under Section 553 of title 5, establish procedures for designating troubled public housing agencies." 42 U.S.C. § 1437d(j)(2)(A)(i). And when HUD revises the standards for manufactured homes, the Secretary must "cause [the] proposed revised standard to be published in the Federal Register for notice and comment in accordance with section 553 of title 5." 42 U.S.C. § 5403(a)(4)(B)(i). If Congress intended the provision about bonuses and other incentives to incorporate APA rulemaking requirements, it would have said so. It did not.

HUD determined that transitional housing and "supportive services only" projects were proven effective at reducing homelessness based on research and notice and comment to the public, under the plain meaning of those terms. HUD reviewed articles and peer-reviewed research on the benefits of transitional housing and identified problems with the Housing First policy. *See, e.g.*, AR42-47; AR52-54; 62-63.[3] HUD then provided notice to the public by issuing public statements about the intended changes and the new policy approach, including through dozens of forums informing stakeholders of those changes. *See* AR54. HUD also solicited and received public

[3] Citations to AR__ are to the administrative record, excerpts of which were filed in district court.

comments through those forums and through separate discussions with Continuum of Care recipients and other homelessness-service providers. *See id.*

## II. The equitable factors favor a stay pending appeal.

The equitable factors support a stay pending appeal, as the harm to HUD and the public outweighs any harm that plaintiffs might identify from permitting HUD to begin implementing the NOFO in time to make awards under the NOFO by Congress's December 1 deadline.

A stay will not substantially harm plaintiffs. If HUD prevails on appeal, all parties will be better off because the applications will have been processed and grants will be ready to be made. And if HUD does not prevail on appeal, plaintiffs will simply be placed in the position they are at present, which is preparing to respond to a new NOFO.

Meanwhile, HUD will be irreparably injured absent a stay. Without a stay, HUD will not be able to comply with Congress's deadline to award the funds in question. App. 11-12 (McKenney Decl.). Congress has directed HUD to make awards by December 1, 2026. *See* 2026 Appropriations Act, 140 Stat. 173, 400. Running the Continuum of Care competition is a complex and time-intensive process. App. 11-13. Applicants need time to perform their local competition. App. 11-12. That typically takes 90-120 days. *Id.* HUD would then perform a multi-layered review process on approximately 400 consolidated applications and approximately 8,000 individual new and renewal project applications. App. 13. This typically takes 4-6 months. *Id.* Here,

HUD estimates that it could marshal its resources and run the competition in just over 90 days. App. 13-14. Without a stay, even if HUD prevails on appeal, it would be long past December 1 by the time HUD is able to resume the competition and make awards. App. 14. And this would cause funding gaps when existing grants begin to expire on January 1, 2027. App. 14. A stay by August 21, as the federal government has requested, would allow the competition to proceed and HUD to make awards by December 1. App. 13-14.[4]

The decision further harms HUD by preventing it from implementing its congressional mandate to set housing policies and priorities. Any time the government is prevented "from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." *Trump v. CASA, Inc.*, 606 U.S. 831, 861 (2025) (quoting *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers)); *see also District 4 Lodge of the Int'l Assoc. of Machinists & Aerospace Workers Local Lodge 207 v. Raimondo*, 18 F.4th 38, 47 (1st Cir. 2021) (citing *King* for the same proposition). Congress has directed the agency to issue a NOFO and make awards of Continuum of Care funds. Where the executive and legislative branches are working in tandem to "further broad policy objectives" pursuant to Congress's broad spending powers, *South Dakota v. Dole*, 483 U.S. 203, 206 (1987) (quotation marks omitted), thwarting HUD's exercise

[4] Engaging in notice and comment would not allow HUD to meet the December 1 deadline. A 60-day notice and comment period, plus a roughly 90-day period to review applications, would be past the deadline as well.

of its congressionally endorsed authority injures both the agency and the public interest, *see Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24-25 (2008) (noting the "great deference" given to a coordinate branch of government operating within the core of its constitutional authority).

The public interest further supports a stay. HUD seeks to implement the policy approach that it deems best suited to addressing an ongoing homelessness crisis that has seen years of increasingly negative outcomes despite previous Continuum of Care efforts. Restoring HUD's flexibility to implement new policy priorities to address this crisis is thus in the public interest. For more than a decade, chronic, unsheltered, and literal homelessness has increased significantly, despite a similarly significant increase in Continuum of Care spending and the supply of permanent housing. *See* AR42-43; *see also* 2026 NOFO, at 28. After careful research and consideration, including over 40 forums across the nation with interested stakeholders, HUD determined that the Continuum of Care program would be more effective in achieving its statutory goals of reducing homelessness and improving self-sufficiency if it increased its focus on transitional housing and "supportive services only" projects. The set-aside is meant to advance those goals.

The funding gaps that will likely occur absent a stay will harm Continuum of Care grantees and, by extension, the public as well. *See* App. 14. Those funding gaps will grow as time goes on. *Id.* (noting that there are 608 grants expiring in the first quarter of 2027, with increasing numbers expiring over the rest of the calendar year).

Thus, even if the Court is unable to grant relief by August 21, 2026, every day relief is delayed amplifies the harm by extending the funding gap. To avoid such harm, the Court should grant the requested stay to allow HUD to continue processing applications while the matter is resolved on appeal.

## CONCLUSION

For the foregoing reasons, the Court should grant a stay pending appeal.

Respectfully submitted,


BRETT A. SHUMATE
*Assistant Attorney General*

MICHAEL RAAB

*s/ Sarah Clark Griffin*
SARAH CLARK GRIFFIN
*Attorneys, Appellate Staff*
*Civil Division, Room 7216*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 305-8727*
*sarah.c.griffin@usdoj.gov*


AUGUST 2026

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 3,098 words. This motion also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Garamond 14-point font, a proportionally spaced typeface.

*s/ Sarah Clark Griffin*
Sarah Clark Griffin

# APPENDIX

**TABLE OF CONTENTS**

Summary Judgment Memorandum and Order, *NAEH v. HUD*............................App. 1

McKenney Declaration, *NAEH v. HUD*............................................................... App. 11

Notice of Appeal, *NAEH v. HUD* ..................................................................... App. 15

Text Order Denying Stay Motion, *NAEH v. HUD* ............................................. App. 17

District Court Docket, *NAEH v. HUD*.................................................................. App. 20

Summary Judgment Memorandum and Order, *Washington v. HUD* .................... App. 36

McKenney Declaration, *Washington v. HUD* .......................................................... App. 46

Notice of Appeal, *Washington v. HUD* ..................................................................... App. 50

Text Order Denying Stay Motion, *Washington v. HUD*......................................... App. 52

District Court Docket, *Washington v. HUD* ........................................................... App. 55

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STATE OF WASHINGTON, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.,*<br><br>Defendants.<br><br>NATIONAL ALLIANCE TO END HOMELESSNESS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.*,<br><br>Defendants. | C.A. Nos. 26-cv-436-MSM-AEM<br>26-cv-439-MSM-AEM |

**MEMORANDUM AND ORDER**

Mary S. McElroy, United States District Judge.

Before the Court are the parties' Cross-Motions for Summary Judgment. (26-cv-436, ECF Nos. 30, 32; 26-cv-439, ECF Nos. 34, 37.)[1] This Memorandum and Order again resolves two related-but-unconsolidated challenges to action undertaken by the

[1] Both sets of Plaintiffs alternatively request a preliminary injunction from this Court. (26-cv-436, ECF No. 30 at 1; 26-cv-439, ECF No. 34 at 1.) Additionally, Plaintiffs in 26-cv-436 only seek partial summary judgment at this time. (26-cv-436, ECF No. 30 at 1.)

United States Department of Housing and Urban Development ("HUD"). Consistent with the prior litigation before this Court, one action involves Plaintiff States, (26-cv-439), and the second involves Plaintiff local governments and nonprofit organizations ("Nonprofit Plaintiffs"), (26-cv-436). Notwithstanding the separate sets of cross-motions for summary judgment, the Court will refer to all Plaintiffs in these cases as "Plaintiffs" and all Defendants as "HUD" with the exception of a limited set of instances where greater specificity is needed.

For the following reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' Motions for Summary Judgment and GRANTS IN PART and DENIES IN PART HUD's Cross-Motions for Summary Judgment.

## I. BACKGROUND

This Memorandum and Order assumes the reader's familiarity with this Court's June 29, 2026, Memorandum and Order, which outlined and ultimately vacated HUD's attempt to effectuate a pair of Notices of Funding Opportunity ("NOFOs"). *See Washington v. Dep't of Hous. & Urban Dev.*, C.A. No. 1:25-cv-00626/636-MSM-AEM, 2026 WL 1863886 (D.R.I. June 29, 2026). To recap, the Court's Memorandum and Order provided an overview of: (1) the McKinney-Vento Homeless Assistance Act ("MVA") and its subsequent legislative history; (2) HUD's role in carrying out the congressionally-authorized functions surrounding the solicitation and selection of federal grant recipients through the use of NOFOs; and (3) the MVA's emphasis on—and HUD's recent decision to depart from—the "Housing First" approach to addressing America's homelessness crisis. *Id.* at * 1-2. Ultimately,

the Court determined that HUD's prior promulgation of its November 2025 and December 2025 NOFOs violated the Administrative Procedure Act ("APA") based on HUD's arbitrary and capricious action in its issuance of these NOFOs. *Id.* at *3-5.

Following the Court's resolution of Plaintiffs' challenge to HUD's initial attempts to rescind the Housing First policy, Plaintiffs filed these actions seeking to invalidate HUD's issuance of a new NOFO in June of 2026 ("2026 NOFO"). (26-cv-436, ECF No. 1; 26-cv-439, ECF No. 1.) Specifically, Plaintiffs again argue that HUD's issuance of the 2026 NOFO violates the APA, other federal laws, and the Constitution. The alleged defect is the NOFO's departure from the Housing First approach in favor of temporary housing assistance and programs conditioning receipt of housing on beneficiaries' satisfaction of certain criteria. *See generally id.* Critically, Plaintiffs also argue that HUD issued the 2026 NOFO in violation of the APA because it failed to engage in the notice-and-comment process mandated by the MVA. (26-cv-436, ECF No. 1 at 35.)

The Nonprofit Plaintiffs have also brought this action against the Office of Management and Budget ("OMB") and Russell Vought in his official capacity as the OMB's director. 26-cv-436, ECF No. 1 at 9. Plaintiffs take issue with the OMB's decision to allegedly restrict HUD's access to the funds underlying the 2026 NOFO. (ECF No. 1 at 21.) Specifically, Plaintiffs allege that the OMB has issued two "apportionment footnotes" preventing HUD from receiving the funding in conjunction with the 2026 NOFO unless HUD complies with the directives contained in two separate executive orders. *Id.* at 21-22. Aside from Plaintiffs' challenge to the 2026

NOFO itself, Plaintiffs contend that these interagency directives between HUD and the OMB violate the APA.[2] *Id.* at 56-57.

With respect to the content of the 2026 NOFO itself, HUD has maintained its goal of overhauling the Housing First approach and replacing it with programs that emphasize more interim housing solutions and enrollment in services that do not directly relate to providing individuals with shelter. (26-cv-436, ECF No. 30-3 at 20.) However, HUD has attempted to accomplish this goal in a different manner than it did last year. That is, while HUD previously attempted to end the Housing First approach by capping the renewal funds that it would make available for permanent housing, the 2026 NOFO attempts to achieve HUD's objective by creating a $1.3 billion "set aside" for new projects that employ the use of transitional housing and that emphasize enrollment in supportive services. (ECF No. 35-1 at 35-37.) Plaintiffs allege that this "set aside" will divert a vast amount of the funds previously available for permanent housing into these new, less-effective programs and will result in roughly 97,000 people experiencing homelessness. (26-cv-436, ECF No. 30-1 at 9.)

Following Plaintiffs' initiation of these actions and their request for preliminary relief, all parties agreed to forgo interim relief and instead move for summary judgment. (26-cv-436, ECF No 27 at 2.)

---

[2] Separately, Nonprofit Plaintiffs challenged HUD's alleged failure to inform them of their "pro rata estimated grant amount" associated with the 2026 NOFO in violation of 42 U.S.C. § 11386a(b)(2)(A). However, HUD appears to have provided Plaintiffs with this information after the initial filing of this action and Plaintiffs now concede that they no longer seek a ruling on this issue. (ECF No. 33 at 44.)

## II. SUMMARY JUDGMENT STANDARD

A court will grant a litigant's motion for summary judgment when a genuine dispute of material fact does not exist, and the movant demonstrates their entitlement to judgment as a matter of law. *Viscito v. Nat'l Plan. Corp.*, 34 F.4th 78, 83 (1st Cir. 2022). When parties file cross-motions for summary judgment, the court will review each motion separately and will respectively draw both facts and inferences in favor of the non-moving party. *Scottsdale Ins. v. United Rentals (N. Am.), Inc.*, 977 F.3d 69, 72 (1st Cir. 2020). Notwithstanding these procedural steps, courts apply an alternative framework on summary judgment in the context of an APA claim. In such cases, summary judgment provides the court with the ability to engage in a more exacting review of the merits underlying an alleged APA violation. *See Bos. Redevelopment Auth. v. Nat'l Park Serv.*, 838 F.3d 42, 47 (1st Cir. 2016). As a result, the reviewing court will not engage in the typical task of identifying factual disputes but will instead scrutinize the administrative record in order to reach a conclusion on whether the relevant agency's actions violated the APA. *Id.*

## III. DISCUSSION

The Court's review of the record and the parties' arguments reveal that HUD's issuance of the 2026 NOFO violates the APA based on HUD's failure to engage in the notice-and-comment process required by the MVA. *See* 5 U.S.C. § 706(2)(D) (mandating that a reviewing court set aside agency action made "without observance of procedure required by law"). Based on the Court's determination that HUD issued the 2026 NOFO in a procedurally invalid manner, the Court declines to address the

remainder of Plaintiffs' challenges to either the 2026 NOFO itself or OMB's alleged unlawful obstruction of funding. *See Campanale & Sons, Inc. v. Evans*, 311 F.3d 109, 121 n.15 (1st Cir. 2002) (declining to review the substantive challenges to an agency's action after finding issues with its procedural validity).

Among the many provisions governing HUD's conduct, 42 U.S.C. § 11386b provides the framework for HUD's ability to incentivize certain activities and set aside funding for priorities that it deems worthy of extra resources. Specifically, 42 U.S.C. § 11386b(d), entitled "Incentives for proven strategies," provides in relevant part:

> (1) In general
> The Secretary shall provide bonuses or other incentives to geographic areas for using funding under this part for activities that have been proven to be effective at reducing homelessness generally, reducing homelessness for a specific subpopulation, or achieving homeless prevention and independent living goals as set forth in section 11386a(b)(1)(F) of this title.
>
> (2) Rule of construction
> For purposes of this subsection, activities that have been proven to be effective at reducing homelessness generally or reducing homelessness for a specific subpopulation includes--
> (A) permanent supportive housing for chronically homeless individuals and families;
> (B) for homeless families, rapid rehousing services, short-term flexible subsidies to overcome barriers to rehousing, support services for concentrating on improving incomes to pay rent, coupled with performance measures emphasizing rapid and permanent rehousing and with leveraging funding from mainstream family services such as Temporary Assistance for Needy Families and Child Welfare services; and
> (C) any other activity determined by the Secretary, based on research *and after notice and comment to the public*, to have been proven effective at reducing homelessness generally, reducing homelessness for a specific subpopulation, or achieving homeless prevention and independent living goals as set forth in 11386a(b)(1)(F) of this title.

42 U.S.C. § 11386b(d) (emphasis added).

Here, HUD does not dispute that its transition away from the Housing First model falls outside of the first two categories—both of which describe forms of permanent housing. *See* 26-cv-436, ECF No. 32 at 83-87. As a result, the Court determines that HUD's attempt to deemphasize its Housing First approach through the use of its $1.3 billion set aside falls within the third category of activities that governs HUD's ability to create incentives and allocate funding for eligible activities. *See* 42 U.S.C. § 11386b(d)(2)(C). As outlined above, this subsection clearly requires HUD to engage in a public notice-and-comment process as understood within the context of the APA. *Id.* Therefore, the Court determines that HUD violated the APA's requirement to observe proper procedures as required by law when it issued the 2026 NOFO without first engaging in the public notice-and-comment procedure required by the MVA. *See* 5 U.S.C. § 706(2)(D). As a result, this Court must set aside the 2026 NOFO in its entirety.

Nevertheless, HUD resists the Court's conclusion and offers three primary justifications why 42 U.S.C. § 11386b(d) does not require it to engage in the public notice-and-comment process. The Court determines that each of HUD's arguments fail to alter the Court's conclusion.

First, HUD contends that the $1.3 billion set aside does not qualify as a bonus or an incentive as contemplated by the MVA. (ECF No. 32 at 63.) The Court rejects the idea that creating a separate category of funding that exceeds one billion dollars does not "incentivize" potential grant recipients to prepare applications that would

allow it to receive this funding. HUD's decision to set aside this colossal amount of grant funding undoubtedly incentivizes grantees to conform their CoC programs to HUD's goals in order to obtain a realistic chance of obtaining this funding.

Next, HUD offers up its own tortured reading of 11386b(d)(2) to argue that it affords HUD's Secretary with discretion to create new programs that fall outside of the notice-and-comment requirement. *Id.* at 83-85. HUD argues that Congress should have used more explicit language cabining its discretion if it intended for HUD to function in this manner. *Id.* However, the Court rejects HUD's attempt to create an unorthodox reading of the MVA here when the statute's plain and ordinary meaning directs HUD to engage in a public notice-and-comment process after it decides to incentivize "any other activity" outside of the two specified types of permanent housing described before it. 42 U.S.C. § 11386b(d)(2)(C); *see United States v. Gordon*, 875 F.3d 26, 33 (1st Cir. 2017) ("If a statute's plain meaning supplies a plausible interpretation, the inquiry is often at an end.").

Finally, HUD attempts to argue that it *did* in fact engage in a form of soliciting public notice and comment and that it therefore complied with the procedure required by the MVA. (ECF No. 32 at 84-85.) HUD argues that, through the use of public announcements, it informed the public in a more general sense of its intent to overhaul the Housing First approach to combating homelessness and that events subsequently took place where it had the opportunity to receive feedback from the public. *Id.* As the Court expects HUD is well aware, the term notice and comment invokes a concrete set of rules that require administrative agencies to receive

feedback from members of the public in a structured, more formalized setting than their argument would otherwise suggest. *See, e.g.*, *Perez v. Mort. Bankers Ass'n*, 575 U.S. 92, 96 (2015) (noting that the notice-and-comment process involves providing "interested persons an opportunity to participate in the rule making through submission of written data, views or arguments.") (citing 5 U.S.C. § 553). HUD's specious argument that the MVA provides it with the ability to engage in some vague, undefined, and informal version of the notice-and-comment process lacks even marginal support from the text, structure, or history of the MVA. As a result, the Court concludes that HUD's issuance of the 2026 NOFO took place in a procedurally invalid manner in violation of § 706(2)(D) of the APA and that, based on this structural defect, the Court must set aside the 2026 NOFO in its entirety.

While the Court determines that it must vacate HUD's issuance of the 2026 NOFO, it rejects Plaintiffs' request for a permanent injunction against HUD's *future* implementation of the conditions contained within the 2026 NOFO. Although HUD may attempt to issue yet another NOFO that contains these conditions after undergoing the requisite notice-and-comment process, the speculative nature of this potential future harm does not permit the Court to provide the "drastic remedy" of a permanent injunction. *See Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165-66 (2010) ("If a less drastic remedy (such as partial or complete vacatur of [an agency's] … decision) [is] sufficient to redress respondent's injury, no recourse to the additional and extraordinary relief of an injunction [is] warranted.").

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' Motions for Summary Judgment and DENIES IN PART and GRANTS IN PART HUD's Cross-Motions for Summary Judgment. (26-cv-436, ECF Nos. 30, 32; 26-cv-439, ECF Nos. 34, 37.) The Court therefore sets aside HUD's issuance of the 2026 NOFO in its entirety as violative of the APA. The Court, however, denies Plaintiffs' request for a permanent injunction. Because, as described above, the Court concludes that the 2026 NOFO may not proceed based on its procedural infirmity, it obviates the need for the Court to rule on the other aspects of the parties' motions at this time.

IT IS SO ORDERED.

Mary S. McElroy

Mary S. McElroy
United States District Judge

August 7, 2026

**DECLARATION OF CAITLYN MCKENNEY**

I, Caitlyn McKenney, make the following declaration, as provided by Section 1746 of Title 28 of the United States Code. I am aware that this declaration will be filed in the above captioned civil actions currently pending in the U.S. District Court for the District of Rhode Island. I hereby certify that:

1. I am the Deputy Assistant Secretary for the Office of Special Needs of U.S. Department of Housing and Urban Development (HUD). I have held this position since January 2026.
2. The statements contained in this declaration are based upon my personal knowledge and upon information provided to me in my official capacity.
3. On August 7, 2026, this Court entered an order granting in part Plaintiffs' motion for summary judgment. ECF 34, *Nat'l All. to End Homelessness, et al. v. HUD, et al.*, 1:26-cv-00436 (D.R.I); ECF 41, *State of Washington, et al. v. HUD, et al*., 1:26-cv-00439 (D.R.I.). The order set aside, in its entirety, the Fiscal Year (FY) 2026 Continuum of Care (CoC) Notice of Funding Opportunity (NOFO).
4. HUD is required to make award for the CoC Program by December 1, 2026. Pub. L. No. 119-75, div. D, tit. II, 140 Stat. 173, 400 (2026 Appropriations Act). The Court's vacatur prevents HUD from issuing awards or funds to any CoC applicant for FY 2026 until a new NOFO is issued and HUD completes the competition process.
5. The harm from the vacatur is that, should HUD prevail on appeal while the vacatur remains in effect, it would be unable to reissue the NOFO, provide applicants time to apply under the NOFO, review applications, and make awards by December 1, 2026. HUD is required to make a NOFO available for at least 30 days absent an emergency

waiver. 42 U.S.C. § 3545(a)(3); 2 C.F.R. § 200.204(b). HUD, however, has for practical reasons provided applicants with 90–120 days to submit applications under the NOFO. This is because the CoC program starts with local organizations competing to have their projects selected by the local CoC. The local CoC then reviews, ranks, and selects projects, and then develops a priority listing and includes the listing and the projects in a single consolidated application that it submits to HUD on behalf of their communities. In total, the consolidated application submitted to HUD has three components: the CoC application, the project applications (submitted by individual local organizations), and the priority listing. Historically, this competition and application process has taken 90–120 days. HUD typically receives around 400 consolidated applications.

6. HUD must then individually review each application. This includes not only the approximately 400 CoC consolidated applications, but also roughly 8,000 new and renewal project applications within these consolidated applications. This process requires HUD to (1) review each of the thousands of applications individually to ensure that they complete and meet eligibility and threshold requirements; (2) conduct a risk analysis for each project, which can entail research and consultation into multiple risk factors; (3) score each CoC application according to the criteria laid out in the NOFO; (4) assign tiers for applications by their scores, review budgets, and calculate estimated award amounts; and (5) conduct quality assurance and quality control throughout these steps and obtain the required sign-off from HUD, OMB, and Congress to announce awards.

7. In recent years, this review process has taken 4–6 months, although it took only 79 days for the FY 2024 competition. And even those 4–6 months occurred under circumstances where roughly 90% of awards went to renewals and thus required less review.

8. When HUD published the FY26 CoC NOFO on June 1, it set the deadline for applications as August 26 in order to give applicants approximately 90 days to apply and HUD approximately 90 days to review applications. HUD expects that its review will require no less than 90 days: the FY 2026 NOFO is intended to invite an unprecedented number of new projects, which require closer review.

9. Even so, with a stay of the Court's vacatur, HUD could still meet the December 1 deadline:

   a. The FY 2026 NOFO had an original application deadline of August 26. While HUD is not accepting applications while the NOFO is vacated, HUD would begin accepting again as soon as the vacatur is stayed. Because most CoCs had already completed their local competitions in response to the NOFO and were mere weeks away from submitting their consolidated applications, HUD could set a new deadline of August 31.

   b. Given the congressional deadline and the exigencies of this case, HUD would then marshal as many resources as possible to review applications. HUD could achieve this in the 92 days between August 31 and December 1, but HUD would need every one of those days to have confidence to meet the deadline.

c. This entire process would thus require a total of 101 days. Under this timeline, HUD could still make the December 1 deadline if the vacatur is stayed by August 21.

10. Without a stay by August 21, then, HUD is unlikely to meet the congressionally mandated December 1 deadline to issue awards.

11. HUD and grantees would also likely face 2027 funding lapses. On January 1, 2027, existing CoC grants will begin to expire. There are 608 grants that would expire in the first quarter of 2027, with increasing numbers of grants expiring throughout the rest of the calendar year. Without a stay of the vacatur by August 21, however, HUD could not make the January 1 deadline, and some grantees would begin facing funding gaps. This is because, even after HUD approves a grant for funding, there are multiple budgetary and financial actions that HUD and the Department of Treasury must complete to verify and move the funds so that the grantee may draw them down.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge.

Executed this 12th day of August 2026, in Los Angeles, California.

Signed by:
Caitlyn McKenney
E648B2DDB2A84F0...
Caitlyn McKenney

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

NATIONAL ALLIANCE TO END HOMELESSNESS, *et al.*,

*Plaintiffs*,

v.

UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.*,

*Defendants*.

Case No. 26-cv-436-MSM-AEM

District Judge Mary S. McElroy
Magistrate Judge Amy E. Moses

**NOTICE OF APPEAL**

PLEASE TAKE NOTICE that all Defendants hereby appeal to the United States Court of Appeals for the First Circuit from this Court's August 7, 2026, Order on Plaintiffs' Motion for Summary Judgment (ECF No. 34).

DATED: August 13, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

AMBER RICHER
Assistant Branch Director

*/s/ Michael Bruns*____
MICHAEL BRUNS
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
michael.bruns@usdoj.gov

*Counsel for Defendants*

**Certificate of Service**

I hereby certify that, on August 13, 2026, I filed the foregoing document through this Court's Electronic Case Filing (ECF) system, thereby serving it upon all registered users in accordance with Federal Rule of Civil Procedure 5(b)(2)(E) and Local Rule Gen 304.

/s/ Michael Bruns

Michael Bruns

Trial Attorney

## Griffin, Sarah C. (CIV)

**From:** cmecf@rid.uscourts.gov
**Sent:** Thursday, August 13, 2026 2:11 PM
**To:** cmecfnef@rid.uscourts.gov
**Subject:** Activity in Case 1:26-cv-00436-MSM-AEM National Alliance to End Homelessness et al v. United States Department of Housing and Urban Development et al Order on Motion to Stay

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**District of Rhode Island**

### Notice of Electronic Filing

The following transaction was entered on 8/13/2026 at 2:10 PM EDT and filed on 8/13/2026

| | |
|---|---|
| **Case Name:** | National Alliance to End Homelessness et al v. United States Department of Housing and Urban Development et al |
| **Case Number:** | 1:26-cv-00436-MSM-AEM |
| **Filer:** | |

**WARNING: CASE CLOSED on 08/07/2026**

| | |
|---|---|
| **Document Number:** | No document attached |

**Docket Text:**
**TEXT ORDER. Before the Court is Defendants' Combined Emergency Motion for a Stay of the Summary Judgment Order Pending Appeal (ECF No. [37]). The Court has considered the arguments contained in Defendants' Motion. When evaluating whether to stay an order pending an appeal, the Court must consider: "(1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Does 1-3 v. Mills*, 39 F.4th 20, 24 (1st Cir. 2022) (cleaned up). The Court concludes that Defendants have not met the aforementioned standard. Most notably, the Court determines that its issuance of a stay is not warranted based on the Defendants' failure to present the Court with a new, previously-unrejected basis on which they will likely succeed on the merits. Moreover, the Court determines that Defendants lack a cognizable harm in seeking to uphold agency action that the Court has set aside as violative of the law. *See Woonasquatucket River Watershed***

***Council v. United States Dept of Agric.*, 778 F. Supp. 3d 440, 447 (D.R.I. 2025) ("[A]n agency is not harmed by an order prohibiting it from violating the law") (cleaned up). As a result, the Court DENIES Defendants' Combined Emergency Motion for a Stay of the Summary Judgment Orders Pending Appeal, (ECF No. [37]). So Ordered by District Judge Mary S. McElroy on 8/13/2026. (Potter, Carrie)**

**1:26-cv-00436-MSM-AEM Notice has been electronically mailed to:**

Amy Retsinas Romero amy@lawyerscommitteeri.org, kevin@dwbrlaw.com, miriam@dwbrlaw.com

Antonia K. Fasanelli afasanelli@homelesslaw.org

Carrie Y. Flaxman cflaxman@democracyforward.org

Cassandra Crawford Cassandra.Crawford@publicrightsproject.org, legalvoicemail.publicrightsproject.org@recap.email, litfile@publicrightsproject.org

Christine L. Coogle ccoogle@democracyforward.org

Christopher Michael Sanders chrsanders@kingcounty.gov

Cristy Craig cristy.craig@kingcounty.gov

Graham Provost graham@publicrightsproject.org, litfile@publicrightsproject.org

John K. Whitaker john.whitaker@nashville.gov

Kavita Narayan kavita.narayan@cco.sccgov.org

Kayla Svihovec kayla.svihovec@publicrightsproject.org

Kevin Love Hubbard kevin@lawyerscommitteeri.org, amy@lawyerscommitteeri.org

Kristin Bateman kbateman@democracyforward.org

Leily Arzy leily.arzy@cco.sccgov.org

Lynette J. Labinger LL@labingerlaw.com, brownaclu@aol.com

Madeline H. Gitomer mgitomer@democracyforward.org

Meredith A. Johnson meredith.johnson@cco.sccgov.org

Michael Benjamin Bruns michael.bruns@usdoj.gov

Mika K. Rothman MRothman@kingcounty.gov

Robin F. Thurston rthurston@democracyforward.org

Stefanie Wilson stefanie.wilson@cco.sccgov.org

Toby Merrill toby@publicrightsproject.org, legalvoicemail.publicrightsproject.org@recap.email, litfile@publicrightsproject.org

Tony LoPresti tony.lopresti@cco.sccgov.org

**1:26-cv-00436-MSM-AEM Notice has been delivered by other means to:**

APPEAL

# U.S. District Court
# District of Rhode Island (Providence)
# CIVIL DOCKET FOR CASE #: 1:26-cv-00436-MSM-AEM

National Alliance to End Homelessness et al v. United States Department of Housing and Urban Development et al
Assigned to: District Judge Mary S. McElroy
Referred to: Magistrate Judge Amy E. Moses
Cause: 05:551 Administrative Procedure Act

Date Filed: 07/02/2026
Date Terminated: 08/07/2026
Jury Demand: None
Nature of Suit: 899 Other Statutes: Administrative Procedures Act/Review or Appeal of Agency Decision
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**National Alliance to End Homelessness** represented by

**Antonia K. Fasanelli**
National Homelessness Law Center
1400 16th Street, NW
Suite 425
Washington, DC 20036
202-638-2535 ex. 103
Email: afasanelli@homelesslaw.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Carrie Y. Flaxman**
Democracy Forward Foundation
PO Box 34553
Washington, DC 20001
202-448-9090
Fax: 202-796-4426
Email: cflaxman@democracyforward.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christine L. Coogle**
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20001
202-448-9090
Fax: 202-921-4875
Email: ccoogle@democracyforward.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kevin Love Hubbard**
Lawyers' Committee for Rhode Island
56 Pine Street
Suite 200

Providence, RI 02903
401-238-3953
Email: kevin@lawyerscommitteeri.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kristin Bateman**
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
202-935-5245
Email: kbateman@democracyforward.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lynette J. Labinger**
Lynette Labinger, Attorney at Law
128 Dorrance Street, Box 710
Providence, RI 02903
401-465-9565
Email: LL@labingerlaw.com
*ATTORNEY TO BE NOTICED*

**Madeline H. Gitomer**
Democracy Forward Foundation
PO Box 34553
Washington, DC 20001
202-448-9090
Fax: 202-796-4426
Email: mgitomer@democracyforward.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robin F. Thurston**
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
202-455-9060
Email: rthurston@democracyforward.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amy Retsinas Romero**
Lawyers' Committee for Rhode Island
56 Pine Street
Suite 200
Providence, RI 02903
401-238-3953
Email: amy@lawyerscommitteeri.org
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**National Low Income Housing Coalition** represented by **Antonia K. Fasanelli**
(See above for address)

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Carrie Y. Flaxman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christine L. Coogle**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kevin Love Hubbard**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kristin Bateman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lynette J. Labinger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Madeline H. Gitomer**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robin F. Thurston**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amy Retsinas Romero**
(See above for address)
*ATTORNEY TO BE NOTICED*

**<u>Plaintiff</u>**

**Crossroads Rhode Island** represented by **Carrie Y. Flaxman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christine L. Coogle**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kevin Love Hubbard**
(See above for address)

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kristin Bateman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lynette J. Labinger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Madeline H. Gitomer**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robin F. Thurston**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amy Retsinas Romero**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Youth Pride, Inc.** represented by **Carrie Y. Flaxman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christine L. Coogle**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kevin Love Hubbard**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kristin Bateman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lynette J. Labinger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Madeline H. Gitomer**
(See above for address)
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Robin F. Thurston**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amy Retsinas Romero**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**City of Boston** represented by

**Cassandra Crawford**
Public Rights Project
490 43rd Street
Unit # 115
Oakland, CA 94609
510-738-6788
Email:
Cassandra.Crawford@publicrightsproject.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Graham Provost**
Public Rights Project
490 43rd Street
Unit 115
Oakland, CA 94609
(510) 738-6788
Email: graham@publicrightsproject.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kayla Svihovec**
Public Rights Project
490 43rd Street, Unit 115
Oakland, CA 94609
(510) 738-6788
Email:
kayla.svihovec@publicrightsproject.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kevin Love Hubbard**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Toby Merrill**
Public Rights Project
490 43rd Street Unit
Unit 115
Oakland, CA 94609
(510) 738-6788

Email: toby@publicrightsproject.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amy Retsinas Romero**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**City of Cambridge** represented by **Cassandra Crawford**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Graham Provost**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kayla Svihovec**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kevin Love Hubbard**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Toby Merrill**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amy Retsinas Romero**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Martin Luther King, Jr. County** represented by **Cassandra Crawford**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christopher Michael Sanders**
401 5th Ave
Ste 800
Seattle, WA 98104
206-240-7590
Email: chrsanders@kingcounty.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Cristy Craig**

King County Prosecutor's Office
701 Fifth Avenue
Ste 600
Seattle, WA 98104
206-477-1120
Fax: 206-296-0191
Email: cristy.craig@kingcounty.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Graham Provost**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kayla Svihovec**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kevin Love Hubbard**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Mika K. Rothman**
King County Executive Office
401 5th Avenue
Ste. 800
Seattle, WA 98104
(206) 263-9600
Email: MRothman@kingcounty.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Toby Merrill**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amy Retsinas Romero**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Metropolitan Government of Nashville & Davidson County**

represented by **Cassandra Crawford**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Graham Provost**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John K. Whitaker**
Metropolitan Government of Nashville & Davidson County
P.O Box 196300
Nashville, TN 37219
615-880-3767
Fax: 615-862-6352
Email: john.whitaker@nashville.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kayla Svihovec**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kevin Love Hubbard**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Toby Merrill**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amy Retsinas Romero**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**County of Santa Clara** represented by **Kavita Narayan**
Office of the County Counsel, County of Santa Clara
70 W. Hedding St. East Wing, 9th Floor
San Jos, CA 95110
408-299-5900
Fax: 408-292-7240
Email: kavita.narayan@cco.sccgov.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kevin Love Hubbard**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Leily Arzy**
Office of the County Counsel, County of Santa Clara
70 W. Hedding St. East Wing, 9th Floor
San Jose, CA 95110
(408) 299-5900

Fax: 408-292-7240
Email: leily.arzy@cco.sccgov.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Meredith A. Johnson**
Office of the County Counsel, County of Santa Clara
70 W. Hedding St. East Wing, 9th Floor
San Jos, CA 95110
408-299-5900
Fax: 408-292-7240
Email: meredith.johnson@cco.sccgov.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stefanie Wilson**
Office of the County Counsel, County of Santa Clara
70 W. Hedding St., East Wing, 9th Fl.
San Jose, CA 95110
408-299-5900
Fax: 408-292-7240
Email: stefanie.wilson@cco.sccgov.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tony LoPresti**
Office of the County Counsel, County of Santa Clara
70 W. Hedding St. East Wing, 9th Floor
San Jos, CA 95110
408-343-9908
Fax: 408-292-7240
Email: tony.lopresti@cco.sccgov.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amy Retsinas Romero**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**City of Tucson** represented by **Cassandra Crawford**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Graham Provost**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kayla Svihovec**

(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kevin Love Hubbard**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Toby Merrill**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amy Retsinas Romero**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**United States Department of Housing and Urban Development** represented by **Michael Benjamin Bruns**
DOJ-Civ
1100 L St NW
Washington, DC 20012
202-514-4011
Email: michael.bruns@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Scott Turner**
*in his official capacity as Secretary of the United States Department of Housing and Urban Development* represented by **Michael Benjamin Bruns**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Office of Management and Budget** represented by **Michael Benjamin Bruns**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Russell Vought**
*in his official capacity as Director of United States Office of Management and Budget* represented by **Michael Benjamin Bruns**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/02/2026 | 1 | COMPLAINT ( filing fee paid $ 405.00, receipt number ARIDC-2304225 ), filed by City of Cambridge, Crossroads Rhode Island, Martin Luther King, Jr. County, County of Santa |

| | | |
|---|---|---|
| | | Clara, National Low Income Housing Coalition, Metropolitan Government of Nashville & Davidson County, Youth Pride, Inc., National Alliance to End Homelessness, City of Tucson, City of Boston. (Attachments: # 1 Civil Cover Sheet, # 2 HUD Summons, # 3 Turner Summons, # 4 OMB Summons, # 5 Vought Summons, # 6 USAO Summons, # 7 AG Summons)(Romero, Amy) (Entered: 07/02/2026) |
| 07/02/2026 | 2 | Corporate Disclosure Statement by City of Boston, City of Cambridge, City of Tucson, County of Santa Clara, Crossroads Rhode Island, Martin Luther King, Jr. County, Metropolitan Government of Nashville & Davidson County, National Alliance to End Homelessness, National Low Income Housing Coalition, Youth Pride, Inc.. (Romero, Amy) (Entered: 07/02/2026) |
| 07/02/2026 | 3 | MOTION for Kristin Bateman to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC-2304239 ) filed by Crossroads Rhode Island, National Alliance to End Homelessness, National Low Income Housing Coalition, Youth Pride, Inc.. (Romero, Amy) (Entered: 07/02/2026) |
| 07/02/2026 | | CASE CONDITIONALLY ASSIGNED to District Judge Mary S. McElroy and Magistrate Judge Amy E. Moses. Related Case Numbers 25-cv-626 and 25-cv-636 based upon the indication on the cover sheet that a related case previously was assigned to the presiding judge. The assignment is subject to the presiding judge's determination that the cases, in fact, are related. (Hill, Cherelle) (Entered: 07/02/2026) |
| 07/02/2026 | 4 | CASE OPENING NOTICE ISSUED (Hill, Cherelle) (Entered: 07/02/2026) |
| 07/02/2026 | 5 | Summons Issued as to All Defendants, U.S. Attorney and U.S. Attorney General (Attachments: # 1 Office of Management and Budget Summons, # 2 Russell Vought Summons, # 3 Scott Turner, # 4 United States Department of Housing and Urban Development Summons, # 5 USAO Summons)(Hill, Cherelle) (Entered: 07/02/2026) |
| 07/02/2026 | | TEXT ORDER granting 3 Motion to Appear Pro Hac Vice of Kristin Bateman. So Ordered by District Judge Mary S. McElroy on 7/2/2026. (Hill, Cherelle) (Entered: 07/02/2026) |
| 07/02/2026 | 6 | NOTICE of Appearance by Lynette J. Labinger on behalf of Crossroads Rhode Island, National Alliance to End Homelessness, National Low Income Housing Coalition, Youth Pride, Inc. (Labinger, Lynette) (Entered: 07/02/2026) |
| 07/02/2026 | 7 | MOTION *for Stay under 5 U.S.C. 705 and for Preliminary Injunction* filed by All Plaintiffs. **Responses due by 7/16/2026.** (Attachments: # 1 Supporting Memorandum, # 2 Exhibit FY 2026 NOFO, # 3 Exhibit Oliva Declaration)(Bateman, Kristin) (Entered: 07/02/2026) |
| 07/07/2026 | 8 | MOTION for Kevin Love Hubbard to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC-2305790 ) filed by All Plaintiffs. (Romero, Amy) (Entered: 07/07/2026) |
| 07/07/2026 | 9 | MOTION for Antonia K. Fasanelli to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC-2305795 ) filed by National Alliance to End Homelessness, National Low Income Housing Coalition. (Romero, Amy) (Entered: 07/07/2026) |
| 07/07/2026 | 10 | MOTION for Kavita Narayan to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC-2305800 ) filed by County of Santa Clara. (Romero, Amy) (Entered: 07/07/2026) |
| 07/07/2026 | 11 | MOTION for Leily Arzy to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC-2305810 ) filed by County of Santa Clara. (Romero, Amy) (Entered: 07/07/2026) |
| 07/07/2026 | 12 | MOTION for Meredith A. Johnson to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC-2305813 ) filed by County of Santa Clara. (Romero, Amy) |

| | | |
|---|---|---|
| | | (Entered: 07/07/2026) |
| 07/07/2026 | 13 | MOTION for Stefanie Wilson to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC-2305817 ) filed by County of Santa Clara. (Romero, Amy) (Entered: 07/07/2026) |
| 07/07/2026 | 14 | MOTION for Tony LoPresti to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC-2305821 ) filed by County of Santa Clara. (Romero, Amy) (Entered: 07/07/2026) |
| 07/08/2026 | | TEXT ORDER granting 8 Motion to Appear Pro Hac Vice of Kevin Love Hubbard. So Ordered by District Judge Mary S. McElroy on 7/8/2026. (Gonzalez Gomez, Viviana) (Entered: 07/08/2026) |
| 07/08/2026 | | TEXT ORDER granting 10 Motion to Appear Pro Hac Vice of Kavita Narayan. So Ordered by District Judge Mary S. McElroy on 7/8/2026. (Gonzalez Gomez, Viviana) (Entered: 07/08/2026) |
| 07/08/2026 | | TEXT ORDER granting 11 Motion to Appear Pro Hac Vice of Leily Arzy. So Ordered by District Judge Mary S. McElroy on 7/8/2026. (Gonzalez Gomez, Viviana) (Entered: 07/08/2026) |
| 07/08/2026 | | TEXT ORDER granting 12 Motion to Appear Pro Hac Vice of Meredith A. Johnson. So Ordered by District Judge Mary S. McElroy on 7/8/2026. (Gonzalez Gomez, Viviana) (Entered: 07/08/2026) |
| 07/08/2026 | | TEXT ORDER granting 13 Motion to Appear Pro Hac Vice of Stefanie Wilson. So Ordered by District Judge Mary S. McElroy on 7/8/2026. (Gonzalez Gomez, Viviana) (Entered: 07/08/2026) |
| 07/08/2026 | | TEXT ORDER granting 14 Motion to Appear Pro Hac Vice of Tony LoPresti. So Ordered by District Judge Mary S. McElroy on 7/8/2026. (Gonzalez Gomez, Viviana) (Entered: 07/08/2026) |
| 07/08/2026 | 15 | MOTION for Carrie Y. Flaxman to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC-2306485 ) filed by Crossroads Rhode Island, National Alliance to End Homelessness, National Low Income Housing Coalition, Youth Pride, Inc.. (Romero, Amy) (Entered: 07/08/2026) |
| 07/08/2026 | 16 | MOTION for Christine L. Coogle to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC-2306487 ) filed by Crossroads Rhode Island, National Alliance to End Homelessness, National Low Income Housing Coalition, Youth Pride, Inc.. (Romero, Amy) (Entered: 07/08/2026) |
| 07/08/2026 | 17 | MOTION for Madeline H. Gitomer to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC-2306488 ) filed by Crossroads Rhode Island, National Alliance to End Homelessness, National Low Income Housing Coalition, Youth Pride, Inc.. (Romero, Amy) (Entered: 07/08/2026) |
| 07/08/2026 | 18 | MOTION for Robin F. Thurston to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC-2306490 ) filed by Crossroads Rhode Island, National Alliance to End Homelessness, National Low Income Housing Coalition, Youth Pride, Inc.. (Romero, Amy) (Entered: 07/08/2026) |
| 07/08/2026 | 19 | MOTION for Cassandra Crawford to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC-2306547 ) filed by City of Boston, City of Cambridge, City of Tucson, Martin Luther King, Jr. County, Metropolitan Government of Nashville & Davidson County. (Romero, Amy) (Entered: 07/08/2026) |

| | | |
|---|---|---|
| 07/08/2026 | 20 | MOTION for Christopher Sanders to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC-2306548 ) filed by Martin Luther King, Jr. County. (Romero, Amy) (Entered: 07/08/2026) |
| 07/08/2026 | 21 | MOTION for Cristy J. Craig to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC-2306553 ) filed by Martin Luther King, Jr. County. (Romero, Amy) (Entered: 07/08/2026) |
| 07/08/2026 | 22 | MOTION for Graham Provost to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC-2306555 ) filed by City of Boston, City of Cambridge, City of Tucson, Martin Luther King, Jr. County, Metropolitan Government of Nashville & Davidson County. (Romero, Amy) (Entered: 07/08/2026) |
| 07/08/2026 | 23 | MOTION for John K. Whitaker to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC-2306556 ) filed by Metropolitan Government of Nashville & Davidson County. (Romero, Amy) (Entered: 07/08/2026) |
| 07/08/2026 | 24 | MOTION for Kayla Svihovec to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC-2306558 ) filed by City of Boston, City of Cambridge, City of Tucson, Martin Luther King, Jr. County, Metropolitan Government of Nashville & Davidson County. (Romero, Amy) (Entered: 07/08/2026) |
| 07/08/2026 | 25 | MOTION for Mika Rothman to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC-2306563 ) filed by Martin Luther King, Jr. County. (Romero, Amy) (Entered: 07/08/2026) |
| 07/08/2026 | 26 | MOTION for Toby Merrill to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC-2306565 ) filed by City of Boston, City of Cambridge, City of Tucson, Martin Luther King, Jr. County, Metropolitan Government of Nashville & Davidson County. (Romero, Amy) (Entered: 07/08/2026) |
| 07/09/2026 | | TEXT ORDER granting 9 Motion to Appear Pro Hac Vice of Antonia K. Fasanelli. So Ordered by District Judge Mary S. McElroy on 7/9/2026. (Gonzalez Gomez, Viviana) (Entered: 07/09/2026) |
| 07/09/2026 | | TEXT ORDER granting 15 Motion to Appear Pro Hac Vice of Carrie Y. Flaxman. So Ordered by District Judge Mary S. McElroy on 7/9/2026. (Gonzalez Gomez, Viviana) (Entered: 07/09/2026) |
| 07/09/2026 | | TEXT ORDER granting 16 Motion to Appear Pro Hac Vice of Christine L. Coogle. So Ordered by District Judge Mary S. McElroy on 7/9/2026. (Gonzalez Gomez, Viviana) (Entered: 07/09/2026) |
| 07/09/2026 | | TEXT ORDER granting 17 Motion to Appear Pro Hac Vice of Madeline H. Gitomer. So Ordered by District Judge Mary S. McElroy on 7/9/2026. (Gonzalez Gomez, Viviana) (Entered: 07/09/2026) |
| 07/09/2026 | | TEXT ORDER granting 18 Motion to Appear Pro Hac Vice of Robin F. Thurston. So Ordered by District Judge Mary S. McElroy on 7/9/2026. (Gonzalez Gomez, Viviana) (Entered: 07/09/2026) |
| 07/09/2026 | | TEXT ORDER granting 19 Motion to Appear Pro Hac Vice of Cassandra Crawford. So Ordered by District Judge Mary S. McElroy on 7/9/2026. (Gonzalez Gomez, Viviana) (Entered: 07/09/2026) |
| 07/09/2026 | | TEXT ORDER granting 20 Motion to Appear Pro Hac Vice of Christopher Michael Sanders. So Ordered by District Judge Mary S. McElroy on 7/9/2026. (Gonzalez Gomez, Viviana) (Entered: 07/09/2026) |

| | | |
|---|---|---|
| 07/09/2026 | | TEXT ORDER granting 21 Motion to Appear Pro Hac Vice of Cristy Craig. So Ordered by District Judge Mary S. McElroy on 7/9/2026. (Gonzalez Gomez, Viviana) (Entered: 07/09/2026) |
| 07/09/2026 | | TEXT ORDER granting 22 Motion to Appear Pro Hac Vice of Graham Provost. So Ordered by District Judge Mary S. McElroy on 7/9/2026. (Gonzalez Gomez, Viviana) (Entered: 07/09/2026) |
| 07/09/2026 | | TEXT ORDER granting 23 Motion to Appear Pro Hac Vice of John K. Whitaker. So Ordered by District Judge Mary S. McElroy on 7/9/2026. (Gonzalez Gomez, Viviana) (Entered: 07/09/2026) |
| 07/09/2026 | | TEXT ORDER granting 24 Motion to Appear Pro Hac Vice of Kayla Svihovec. So Ordered by District Judge Mary S. McElroy on 7/9/2026. (Gonzalez Gomez, Viviana) (Entered: 07/09/2026) |
| 07/09/2026 | | TEXT ORDER granting 25 Motion to Appear Pro Hac Vice of Mika Rothman. So Ordered by District Judge Mary S. McElroy on 7/9/2026. (Gonzalez Gomez, Viviana) (Entered: 07/09/2026) |
| 07/09/2026 | | TEXT ORDER granting 26 Motion to Appear Pro Hac Vice of Toby Merrill. So Ordered by District Judge Mary S. McElroy on 7/9/2026. (Gonzalez Gomez, Viviana) (Entered: 07/09/2026) |
| 07/09/2026 | 27 | Joint MOTION for Scheduling Order and to Waive Statements of Undisputed Facts filed by All Plaintiffs. **Responses due by 7/23/2026.** (Romero, Amy) (Entered: 07/09/2026) |
| 07/09/2026 | 28 | NOTICE of Appearance by Michael Benjamin Bruns on behalf of All Defendants (Bruns, Michael) (Entered: 07/09/2026) |
| 07/10/2026 | | TEXT ORDER granting 27 Joint MOTION for Scheduling Order and to Waive Statements of Undisputed Facts. So Ordered by District Judge Mary S. McElroy on 7/10/2026. (Potter, Carrie) (Entered: 07/10/2026) |
| 07/13/2026 | 29 | NOTICE by Office of Management and Budget, Scott Turner, United States Department of Housing and Urban Development, Russell Vought *of production of Administrative Record* (Attachments: # 1 Exhibit Index, # 2 Exhibit Certification)(Bruns, Michael) (Entered: 07/13/2026) |
| 07/17/2026 | 30 | MOTION for Partial Summary Judgment *and/or*, MOTION for Preliminary Injunction *and Stay Under 5 U.S.C. 705* filed by All Plaintiffs. **Responses due by 7/31/2026.** (Attachments: # 1 Supporting Memorandum, # 2 Appendix Appendix of Challenged Conditions, # 3 Exhibit Excerpts of Administrative Record, # 4 Exhibit Oliva (NAEH) Decl., # 5 Exhibit Willis (NLIHC) Decl., # 6 Exhibit Wilcox (Crossroads) Decl., # 7 Exhibit Frazier (YPI) Decl., # 8 Exhibit Dillon (Boston) Decl., # 9 Exhibit Margargee (Cambridge) Decl., # 10 Exhibit Jackson (MLK County) Decl., # 11 Exhibit Calvin (Nashville) Decl., # 12 Exhibit Kaminski (Santa Clara County) Decl., # 13 Exhibit Chanecka (Tucson) Decl.)(Bateman, Kristin) (Entered: 07/17/2026) |
| 07/20/2026 | 31 | AFFIDAVIT of Service, filed by City of Cambridge, Crossroads Rhode Island, Martin Luther King, Jr. County, County of Santa Clara, National Low Income Housing Coalition, Metropolitan Government of Nashville & Davidson County, Youth Pride, Inc., National Alliance to End Homelessness, City of Tucson, City of Boston *Affidavit of Service (HUD)* All Defendants. (Attachments: # 1 Affidavit Affidavit of Service (Turner), # 2 Affidavit Affidavit of Service (OMB), # 3 Affidavit Affidavit of Service (Vought), # 4 Affidavit Affidavit of Service (Attorney General), # 5 Affidavit Affidavit of Service (USAO)) (Bateman, Kristin) (Entered: 07/20/2026) |

| | | |
|---|---|---|
| 07/24/2026 | 32 | Cross MOTION for Summary Judgment *and Opposition to Plaintiffs' Motion for Summary Judgment, or in the alternative, Preliminary Injunction* filed by All Defendants. **Responses due by 8/7/2026.** (Bruns, Michael) (Entered: 07/24/2026) |
| 07/31/2026 | 33 | RESPONSE In Opposition to 32 Cross MOTION for Summary Judgment *and Opposition to Plaintiffs' Motion for Summary Judgment, or in the alternative, Preliminary Injunction and REPLY In Support of Plaintiffs' Motion for Partial Summary Judgment and/or Preliminary Relief* filed by All Plaintiffs. **Replies due by 8/7/2026.** (Attachments: # 1 Exhibit Consolidated Excerpts of Administrative Record, # 2 Exhibit Suppl. Oliva Decl.) (Bateman, Kristin) (Entered: 07/31/2026) |
| 08/07/2026 | 34 | MEMORANDUM AND ORDER GRANTING IN PART AND DENYING PART 30 Plaintiffs' Motion for Summary Judgment and DENYING IN PART AND GRANTING IN PART 32 Defendants' Cross-Motion for Summary Judgment. The Court therefore sets aside HUD's issuance of the 2026 NOFO in its entirety as violative of the APA. The Court, however, denies Plaintiffs' request for a permanent injunction. Because, as described above, the Court concludes that the 2026 NOFO may not proceed based on its procedural infirmity, it obviates the need for the Court to rule on the other aspects of the parties' motions at this time.. So Ordered by District Judge Mary S. McElroy on 8/7/2026. (Simoncelli, Michael) (Entered: 08/07/2026) |
| 08/07/2026 | 35 | JUDGMENT. So Ordered by Clerk of Court on 8/7/2026. (Simoncelli, Michael) (Entered: 08/07/2026) |
| 08/13/2026 | 36 | NOTICE OF APPEAL by Office of Management and Budget, Scott Turner, United States Department of Housing and Urban Development, Russell Vought as to 34 Memorandum and Order,, (No fee paid, USA, Waived by Statute, or IFP.)<br><br>**NOTICE TO COUNSEL: Counsel should register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf/. Counsel should also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf** Appeal Record due by 8/20/2026. (Bruns, Michael) (Entered: 08/13/2026) |
| 08/13/2026 | 37 | Emergency MOTION to Stay re 34 Memorandum and Order,, *relief requested by August 17, 2026* filed by All Defendants. **Responses due by 8/27/2026.** (Attachments: # 1 Affidavit Caitlyn McKenney)(Bruns, Michael) (Entered: 08/13/2026) |
| 08/13/2026 | | TEXT ORDER. Before the Court is Defendants' Combined Emergency Motion for a Stay of the Summary Judgment Order Pending Appeal (ECF No. 37 ). The Court has considered the arguments contained in Defendants' Motion. When evaluating whether to stay an order pending an appeal, the Court must consider: "(1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Does 1-3 v. Mills*, 39 F.4th 20, 24 (1st Cir. 2022) (cleaned up). The Court concludes that Defendants have not met the aforementioned standard. Most notably, the Court determines that its issuance of a stay is not warranted based on the Defendants' failure to present the Court with a new, previously-unrejected basis on which they will likely succeed on the merits. Moreover, the Court determines that Defendants lack a cognizable harm in seeking to uphold agency action that the Court has set aside as violative of the law. *See Woonasquatucket River Watershed Council v. United States Dept of Agric.*, 778 F. Supp. 3d 440, 447 (D.R.I. 2025) ("[A]n agency is not harmed by an order prohibiting it from violating the law") (cleaned up). As a result, the Court DENIES Defendants' Combined Emergency Motion for a Stay of the Summary Judgment Orders Pending Appeal, (ECF |

| | | |
|---|---|---|
| | | No. 37 ). So Ordered by District Judge Mary S. McElroy on 8/13/2026. (Potter, Carrie) (Entered: 08/13/2026) |


| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 08/13/2026 14:31:40 | | | |
| **PACER Login:** | SarahClark | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:26-cv-00436-MSM-AEM |
| **Billable Pages:** | 15 | **Cost:** | 1.50 |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| STATE OF WASHINGTON, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.,*<br><br>Defendants.<br><br>NATIONAL ALLIANCE TO END HOMELESSNESS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.*,<br><br>Defendants. | ) | C.A. Nos. 26-cv-436-MSM-AEM<br>26-cv-439-MSM-AEM |

**MEMORANDUM AND ORDER**

Mary S. McElroy, United States District Judge.

Before the Court are the parties' Cross-Motions for Summary Judgment. (26-cv-436, ECF Nos. 30, 32; 26-cv-439, ECF Nos. 34, 37.)[1] This Memorandum and Order again resolves two related-but-unconsolidated challenges to action undertaken by the

[1] Both sets of Plaintiffs alternatively request a preliminary injunction from this Court. (26-cv-436, ECF No. 30 at 1; 26-cv-439, ECF No. 34 at 1.) Additionally, Plaintiffs in 26-cv-436 only seek partial summary judgment at this time. (26-cv-436, ECF No. 30 at 1.)

United States Department of Housing and Urban Development ("HUD"). Consistent with the prior litigation before this Court, one action involves Plaintiff States, (26-cv-439), and the second involves Plaintiff local governments and nonprofit organizations ("Nonprofit Plaintiffs"), (26-cv-436). Notwithstanding the separate sets of cross-motions for summary judgment, the Court will refer to all Plaintiffs in these cases as "Plaintiffs" and all Defendants as "HUD" with the exception of a limited set of instances where greater specificity is needed.

For the following reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' Motions for Summary Judgment and GRANTS IN PART and DENIES IN PART HUD's Cross-Motions for Summary Judgment.

## I. BACKGROUND

This Memorandum and Order assumes the reader's familiarity with this Court's June 29, 2026, Memorandum and Order, which outlined and ultimately vacated HUD's attempt to effectuate a pair of Notices of Funding Opportunity ("NOFOs"). *See Washington v. Dep't of Hous. & Urban Dev.*, C.A. No. 1:25-cv-00626/636-MSM-AEM, 2026 WL 1863886 (D.R.I. June 29, 2026). To recap, the Court's Memorandum and Order provided an overview of: (1) the McKinney-Vento Homeless Assistance Act ("MVA") and its subsequent legislative history; (2) HUD's role in carrying out the congressionally-authorized functions surrounding the solicitation and selection of federal grant recipients through the use of NOFOs; and (3) the MVA's emphasis on—and HUD's recent decision to depart from—the "Housing First" approach to addressing America's homelessness crisis. *Id.* at * 1-2. Ultimately,

the Court determined that HUD's prior promulgation of its November 2025 and December 2025 NOFOs violated the Administrative Procedure Act ("APA") based on HUD's arbitrary and capricious action in its issuance of these NOFOs. *Id.* at *3-5.

Following the Court's resolution of Plaintiffs' challenge to HUD's initial attempts to rescind the Housing First policy, Plaintiffs filed these actions seeking to invalidate HUD's issuance of a new NOFO in June of 2026 ("2026 NOFO"). (26-cv-436, ECF No. 1; 26-cv-439, ECF No. 1.) Specifically, Plaintiffs again argue that HUD's issuance of the 2026 NOFO violates the APA, other federal laws, and the Constitution. The alleged defect is the NOFO's departure from the Housing First approach in favor of temporary housing assistance and programs conditioning receipt of housing on beneficiaries' satisfaction of certain criteria. *See generally id.* Critically, Plaintiffs also argue that HUD issued the 2026 NOFO in violation of the APA because it failed to engage in the notice-and-comment process mandated by the MVA. (26-cv-436, ECF No. 1 at 35.)

The Nonprofit Plaintiffs have also brought this action against the Office of Management and Budget ("OMB") and Russell Vought in his official capacity as the OMB's director. 26-cv-436, ECF No. 1 at 9. Plaintiffs take issue with the OMB's decision to allegedly restrict HUD's access to the funds underlying the 2026 NOFO. (ECF No. 1 at 21.) Specifically, Plaintiffs allege that the OMB has issued two "apportionment footnotes" preventing HUD from receiving the funding in conjunction with the 2026 NOFO unless HUD complies with the directives contained in two separate executive orders. *Id.* at 21-22. Aside from Plaintiffs' challenge to the 2026

NOFO itself, Plaintiffs contend that these interagency directives between HUD and the OMB violate the APA.[2] *Id.* at 56-57.

With respect to the content of the 2026 NOFO itself, HUD has maintained its goal of overhauling the Housing First approach and replacing it with programs that emphasize more interim housing solutions and enrollment in services that do not directly relate to providing individuals with shelter. (26-cv-436, ECF No. 30-3 at 20.) However, HUD has attempted to accomplish this goal in a different manner than it did last year. That is, while HUD previously attempted to end the Housing First approach by capping the renewal funds that it would make available for permanent housing, the 2026 NOFO attempts to achieve HUD's objective by creating a $1.3 billion "set aside" for new projects that employ the use of transitional housing and that emphasize enrollment in supportive services. (ECF No. 35-1 at 35-37.) Plaintiffs allege that this "set aside" will divert a vast amount of the funds previously available for permanent housing into these new, less-effective programs and will result in roughly 97,000 people experiencing homelessness. (26-cv-436, ECF No. 30-1 at 9.)

Following Plaintiffs' initiation of these actions and their request for preliminary relief, all parties agreed to forgo interim relief and instead move for summary judgment. (26-cv-436, ECF No 27 at 2.)

[2] Separately, Nonprofit Plaintiffs challenged HUD's alleged failure to inform them of their "pro rata estimated grant amount" associated with the 2026 NOFO in violation of 42 U.S.C. § 11386a(b)(2)(A). However, HUD appears to have provided Plaintiffs with this information after the initial filing of this action and Plaintiffs now concede that they no longer seek a ruling on this issue. (ECF No. 33 at 44.)

## II. SUMMARY JUDGMENT STANDARD

A court will grant a litigant's motion for summary judgment when a genuine dispute of material fact does not exist, and the movant demonstrates their entitlement to judgment as a matter of law. *Viscito v. Nat'l Plan. Corp.*, 34 F.4th 78, 83 (1st Cir. 2022). When parties file cross-motions for summary judgment, the court will review each motion separately and will respectively draw both facts and inferences in favor of the non-moving party. *Scottsdale Ins. v. United Rentals (N. Am.), Inc.*, 977 F.3d 69, 72 (1st Cir. 2020). Notwithstanding these procedural steps, courts apply an alternative framework on summary judgment in the context of an APA claim. In such cases, summary judgment provides the court with the ability to engage in a more exacting review of the merits underlying an alleged APA violation. *See Bos. Redevelopment Auth. v. Nat'l Park Serv.*, 838 F.3d 42, 47 (1st Cir. 2016). As a result, the reviewing court will not engage in the typical task of identifying factual disputes but will instead scrutinize the administrative record in order to reach a conclusion on whether the relevant agency's actions violated the APA. *Id.*

## III. DISCUSSION

The Court's review of the record and the parties' arguments reveal that HUD's issuance of the 2026 NOFO violates the APA based on HUD's failure to engage in the notice-and-comment process required by the MVA. *See* 5 U.S.C. § 706(2)(D) (mandating that a reviewing court set aside agency action made "without observance of procedure required by law"). Based on the Court's determination that HUD issued the 2026 NOFO in a procedurally invalid manner, the Court declines to address the

remainder of Plaintiffs' challenges to either the 2026 NOFO itself or OMB's alleged unlawful obstruction of funding. *See Campanale & Sons, Inc. v. Evans*, 311 F.3d 109, 121 n.15 (1st Cir. 2002) (declining to review the substantive challenges to an agency's action after finding issues with its procedural validity).

Among the many provisions governing HUD's conduct, 42 U.S.C. § 11386b provides the framework for HUD's ability to incentivize certain activities and set aside funding for priorities that it deems worthy of extra resources. Specifically, 42 U.S.C. § 11386b(d), entitled "Incentives for proven strategies," provides in relevant part:

> (1) In general
> The Secretary shall provide bonuses or other incentives to geographic areas for using funding under this part for activities that have been proven to be effective at reducing homelessness generally, reducing homelessness for a specific subpopulation, or achieving homeless prevention and independent living goals as set forth in section 11386a(b)(1)(F) of this title.
>
> (2) Rule of construction
> For purposes of this subsection, activities that have been proven to be effective at reducing homelessness generally or reducing homelessness for a specific subpopulation includes--
> (A) permanent supportive housing for chronically homeless individuals and families;
> (B) for homeless families, rapid rehousing services, short-term flexible subsidies to overcome barriers to rehousing, support services for concentrating on improving incomes to pay rent, coupled with performance measures emphasizing rapid and permanent rehousing and with leveraging funding from mainstream family services such as Temporary Assistance for Needy Families and Child Welfare services; and
> (C) any other activity determined by the Secretary, based on research *and after notice and comment to the public*, to have been proven effective at reducing homelessness generally, reducing homelessness for a specific subpopulation, or achieving homeless prevention and independent living goals as set forth in 11386a(b)(1)(F) of this title.

42 U.S.C. § 11386b(d) (emphasis added).

Here, HUD does not dispute that its transition away from the Housing First model falls outside of the first two categories—both of which describe forms of permanent housing. *See* 26-cv-436, ECF No. 32 at 83-87. As a result, the Court determines that HUD's attempt to deemphasize its Housing First approach through the use of its $1.3 billion set aside falls within the third category of activities that governs HUD's ability to create incentives and allocate funding for eligible activities. *See* 42 U.S.C. § 11386b(d)(2)(C). As outlined above, this subsection clearly requires HUD to engage in a public notice-and-comment process as understood within the context of the APA. *Id.* Therefore, the Court determines that HUD violated the APA's requirement to observe proper procedures as required by law when it issued the 2026 NOFO without first engaging in the public notice-and-comment procedure required by the MVA. *See* 5 U.S.C. § 706(2)(D). As a result, this Court must set aside the 2026 NOFO in its entirety.

Nevertheless, HUD resists the Court's conclusion and offers three primary justifications why 42 U.S.C. § 11386b(d) does not require it to engage in the public notice-and-comment process. The Court determines that each of HUD's arguments fail to alter the Court's conclusion.

First, HUD contends that the $1.3 billion set aside does not qualify as a bonus or an incentive as contemplated by the MVA. (ECF No. 32 at 63.) The Court rejects the idea that creating a separate category of funding that exceeds one billion dollars does not "incentivize" potential grant recipients to prepare applications that would

allow it to receive this funding. HUD's decision to set aside this colossal amount of grant funding undoubtedly incentivizes grantees to conform their CoC programs to HUD's goals in order to obtain a realistic chance of obtaining this funding.

Next, HUD offers up its own tortured reading of 11386b(d)(2) to argue that it affords HUD's Secretary with discretion to create new programs that fall outside of the notice-and-comment requirement. *Id.* at 83-85. HUD argues that Congress should have used more explicit language cabining its discretion if it intended for HUD to function in this manner. *Id.* However, the Court rejects HUD's attempt to create an unorthodox reading of the MVA here when the statute's plain and ordinary meaning directs HUD to engage in a public notice-and-comment process after it decides to incentivize "any other activity" outside of the two specified types of permanent housing described before it. 42 U.S.C. § 11386b(d)(2)(C); *see United States v. Gordon*, 875 F.3d 26, 33 (1st Cir. 2017) ("If a statute's plain meaning supplies a plausible interpretation, the inquiry is often at an end.").

Finally, HUD attempts to argue that it *did* in fact engage in a form of soliciting public notice and comment and that it therefore complied with the procedure required by the MVA. (ECF No. 32 at 84-85.) HUD argues that, through the use of public announcements, it informed the public in a more general sense of its intent to overhaul the Housing First approach to combating homelessness and that events subsequently took place where it had the opportunity to receive feedback from the public. *Id.* As the Court expects HUD is well aware, the term notice and comment invokes a concrete set of rules that require administrative agencies to receive

feedback from members of the public in a structured, more formalized setting than their argument would otherwise suggest. *See, e.g.*, *Perez v. Mort. Bankers Ass'n*, 575 U.S. 92, 96 (2015) (noting that the notice-and-comment process involves providing "interested persons an opportunity to participate in the rule making through submission of written data, views or arguments.") (citing 5 U.S.C. § 553). HUD's specious argument that the MVA provides it with the ability to engage in some vague, undefined, and informal version of the notice-and-comment process lacks even marginal support from the text, structure, or history of the MVA. As a result, the Court concludes that HUD's issuance of the 2026 NOFO took place in a procedurally invalid manner in violation of § 706(2)(D) of the APA and that, based on this structural defect, the Court must set aside the 2026 NOFO in its entirety.

While the Court determines that it must vacate HUD's issuance of the 2026 NOFO, it rejects Plaintiffs' request for a permanent injunction against HUD's *future* implementation of the conditions contained within the 2026 NOFO. Although HUD may attempt to issue yet another NOFO that contains these conditions after undergoing the requisite notice-and-comment process, the speculative nature of this potential future harm does not permit the Court to provide the "drastic remedy" of a permanent injunction. *See Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165-66 (2010) ("If a less drastic remedy (such as partial or complete vacatur of [an agency's] … decision) [is] sufficient to redress respondent's injury, no recourse to the additional and extraordinary relief of an injunction [is] warranted.").

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' Motions for Summary Judgment and DENIES IN PART and GRANTS IN PART HUD's Cross-Motions for Summary Judgment. (26-cv-436, ECF Nos. 30, 32; 26-cv-439, ECF Nos. 34, 37.) The Court therefore sets aside HUD's issuance of the 2026 NOFO in its entirety as violative of the APA. The Court, however, denies Plaintiffs' request for a permanent injunction. Because, as described above, the Court concludes that the 2026 NOFO may not proceed based on its procedural infirmity, it obviates the need for the Court to rule on the other aspects of the parties' motions at this time.

IT IS SO ORDERED.

Mary S. McElroy
United States District Judge

August 7, 2026

**DECLARATION OF CAITLYN MCKENNEY**

I, Caitlyn McKenney, make the following declaration, as provided by Section 1746 of Title 28 of the United States Code. I am aware that this declaration will be filed in the above captioned civil actions currently pending in the U.S. District Court for the District of Rhode Island. I hereby certify that:

1. I am the Deputy Assistant Secretary for the Office of Special Needs of U.S. Department of Housing and Urban Development (HUD). I have held this position since January 2026.

2. The statements contained in this declaration are based upon my personal knowledge and upon information provided to me in my official capacity.

3. On August 7, 2026, this Court entered an order granting in part Plaintiffs' motion for summary judgment. ECF 34, *Nat'l All. to End Homelessness, et al. v. HUD, et al.*, 1:26-cv-00436 (D.R.I); ECF 41, *State of Washington, et al. v. HUD, et al*., 1:26-cv-00439 (D.R.I.). The order set aside, in its entirety, the Fiscal Year (FY) 2026 Continuum of Care (CoC) Notice of Funding Opportunity (NOFO).

4. HUD is required to make award for the CoC Program by December 1, 2026. Pub. L. No. 119-75, div. D, tit. II, 140 Stat. 173, 400 (2026 Appropriations Act). The Court's vacatur prevents HUD from issuing awards or funds to any CoC applicant for FY 2026 until a new NOFO is issued and HUD completes the competition process.

5. The harm from the vacatur is that, should HUD prevail on appeal while the vacatur remains in effect, it would be unable to reissue the NOFO, provide applicants time to apply under the NOFO, review applications, and make awards by December 1, 2026. HUD is required to make a NOFO available for at least 30 days absent an emergency

waiver. 42 U.S.C. § 3545(a)(3); 2 C.F.R. § 200.204(b). HUD, however, has for practical reasons provided applicants with 90–120 days to submit applications under the NOFO. This is because the CoC program starts with local organizations competing to have their projects selected by the local CoC. The local CoC then reviews, ranks, and selects projects, and then develops a priority listing and includes the listing and the projects in a single consolidated application that it submits to HUD on behalf of their communities. In total, the consolidated application submitted to HUD has three components: the CoC application, the project applications (submitted by individual local organizations), and the priority listing. Historically, this competition and application process has taken 90–120 days. HUD typically receives around 400 consolidated applications.

6. HUD must then individually review each application. This includes not only the approximately 400 CoC consolidated applications, but also roughly 8,000 new and renewal project applications within these consolidated applications. This process requires HUD to (1) review each of the thousands of applications individually to ensure that they complete and meet eligibility and threshold requirements; (2) conduct a risk analysis for each project, which can entail research and consultation into multiple risk factors; (3) score each CoC application according to the criteria laid out in the NOFO; (4) assign tiers for applications by their scores, review budgets, and calculate estimated award amounts; and (5) conduct quality assurance and quality control throughout these steps and obtain the required sign-off from HUD, OMB, and Congress to announce awards.

7. In recent years, this review process has taken 4–6 months, although it took only 79 days for the FY 2024 competition. And even those 4–6 months occurred under circumstances where roughly 90% of awards went to renewals and thus required less review.

8. When HUD published the FY26 CoC NOFO on June 1, it set the deadline for applications as August 26 in order to give applicants approximately 90 days to apply and HUD approximately 90 days to review applications. HUD expects that its review will require no less than 90 days: the FY 2026 NOFO is intended to invite an unprecedented number of new projects, which require closer review.

9. Even so, with a stay of the Court's vacatur, HUD could still meet the December 1 deadline:

    a. The FY 2026 NOFO had an original application deadline of August 26. While HUD is not accepting applications while the NOFO is vacated, HUD would begin accepting again as soon as the vacatur is stayed. Because most CoCs had already completed their local competitions in response to the NOFO and were mere weeks away from submitting their consolidated applications, HUD could set a new deadline of August 31.

    b. Given the congressional deadline and the exigencies of this case, HUD would then marshal as many resources as possible to review applications. HUD could achieve this in the 92 days between August 31 and December 1, but HUD would need every one of those days to have confidence to meet the deadline.

c. This entire process would thus require a total of 101 days. Under this timeline, HUD could still make the December 1 deadline if the vacatur is stayed by August 21.

10. Without a stay by August 21, then, HUD is unlikely to meet the congressionally mandated December 1 deadline to issue awards.

11. HUD and grantees would also likely face 2027 funding lapses. On January 1, 2027, existing CoC grants will begin to expire. There are 608 grants that would expire in the first quarter of 2027, with increasing numbers of grants expiring throughout the rest of the calendar year. Without a stay of the vacatur by August 21, however, HUD could not make the January 1 deadline, and some grantees would begin facing funding gaps. This is because, even after HUD approves a grant for funding, there are multiple budgetary and financial actions that HUD and the Department of Treasury must complete to verify and move the funds so that the grantee may draw them down.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge.

Executed this 12th day of August 2026, in Los Angeles, California.

Signed by:
Caitlyn McKenney
E648B2DDB2A84F0...
Caitlyn McKenney

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| STATE OF WASHINGTON, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.*,<br><br>*Defendants.* | Case No. 26-cv-439-MSM-AEM<br><br>District Judge Mary S. McElroy<br>Magistrate Judge Amy E. Moses |

**NOTICE OF APPEAL**

PLEASE TAKE NOTICE that all Defendants hereby appeal to the United States Court of Appeals for the First Circuit from this Court's August 7, 2026, Order on Plaintiffs' Motion for Summary Judgment (ECF No. 41).

DATED: August 13, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

AMBER RICHER
Assistant Branch Director

*/s/ Michael Bruns*____
MICHAEL BRUNS
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
michael.bruns@usdoj.gov

*Counsel for Defendants*

**Certificate of Service**

I hereby certify that, on August 13, 2026, I filed the foregoing document through this Court's Electronic Case Filing (ECF) system, thereby serving it upon all registered users in accordance with Federal Rule of Civil Procedure 5(b)(2)(E) and Local Rule Gen 304.

*/s/ Michael Bruns*

Michael Bruns

Trial Attorney

## Griffin, Sarah C. (CIV)

| | |
|---|---|
| **From:** | cmecf@rid.uscourts.gov |
| **Sent:** | Thursday, August 13, 2026 2:06 PM |
| **To:** | cmecfnef@rid.uscourts.gov |
| **Subject:** | Activity in Case 1:26-cv-00439-MSM-AEM State of Washington et al v. United States Department of Housing and Urban Development et al Order on Motion to Stay |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**District of Rhode Island**

### Notice of Electronic Filing

The following transaction was entered on 8/13/2026 at 2:06 PM EDT and filed on 8/13/2026

| | |
|---|---|
| **Case Name:** | State of Washington et al v. United States Department of Housing and Urban Development et al |
| **Case Number:** | 1:26-cv-00439-MSM-AEM |
| **Filer:** | |
| **WARNING: CASE CLOSED on 08/07/2026** | |
| **Document Number:** | No document attached |

**Docket Text:**

**TEXT ORDER: Before the Court is Defendants' Combined Emergency Motion for a Stay of the Summary Judgment Order Pending Appeal (ECF No. [44]). The Court has considered the arguments contained in Defendants' Motion. When evaluating whether to stay an order pending an appeal, the Court must consider: "(1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Does 1-3 v. Mills, 39 F.4th 20, 24 (1st Cir. 2022) (cleaned up). The Court concludes that Defendants have not met the aforementioned standard. Most notably, the Court determines that its issuance of a stay is not warranted based on the Defendants' failure to present the Court with a new, previously-unrejected basis on which they will likely succeed on the merits. Moreover, the Court determines that Defendants lack a cognizable harm in seeking to uphold agency action that the Court has set aside as violative of the law. *See Woonasquatucket River Watershed Council v. United States Dept of Agric.*, 778 F. Supp. 3d 440, 447 (D.R.I. 2025) ("[A]n agency is**

**not harmed by an order prohibiting it from violating the law") (cleaned up). As a result, the Court DENIES Defendants Combined Emergency Motion for a Stay of the Summary Judgment Orders Pending Appeal, (ECF No. {44}). So Ordered by District Judge Mary S. McElroy on 8/13/2026. (Potter, Carrie)**

**1:26-cv-00439-MSM-AEM Notice has been electronically mailed to:**

Aleeza M. Strubel aleeza.strubel@ilag.gov, federal@ilag.gov

Aliana Claire Knoepfler Aliana.Knoepfler@atg.wa.gov

Andrew M. Ammirati andrew.ammirati@ct.gov

Andrew R.W. Hughes andrew.hughes@atg.wa.gov, amy.hand@atg.wa.gov, christine.truong@atg.wa.gov, comcec@ATG.WA.GOV, cristina.sepe@atg.wa.gov, diane.hoosier@atg.wa.gov, ella.frazee@atg.wa.gov, fedlitecf@atg.wa.gov

Anjana Samant asamant@nmdoj.gov, aserrato@nmdoj.gov, Rgray@nmdoj.gov

Brian S. Carter brian.carter@ag.state.mn.us, judy.fusco@ag.state.mn.us

Cristina Sepe cristina.sepe@atg.wa.gov

Daniel P Resler daniel.resler@njoag.gov

David Moskowitz david.moskowitz@coag.gov, alex.miller@coag.gov

Elena S Meth elena.meth@ilag.gov, federal@ilag.gov

Faye B. Hipsman hipsmanfb@doj.state.wi.us

Ian Liston ian.liston@delaware.gov

Jacob Boyer jacobboyer@pa.gov

James C. Luh jluh@oag.maryland.gov, rpatillo@oag.state.md.us

Jarrell Mitchell jarrell.mitchell@doj.ca.gov

Jordan G. Mickman jmickman@riag.ri.gov, mbedell@riag.ri.gov

Katherine Thompson kate.thompson@maine.gov

Kathryn M. Sabatini KSabatini@riag.ri.gov, dkacerik@riag.ri.gov

Lauren Greenawalt lauren.greenawalt@doj.ca.gov

Leonard Giarrano , IV lgiarrano@riag.ri.gov, mspooner@riag.ri.gov

Michael Benjamin Bruns michael.bruns@usdoj.gov

Michelle Rita Pascucci michelle.pascucci@mass.gov

Neil Giovanatti giovanattin@michigan.gov, ag-fed-actions@michigan.gov

Nicole Suzanne Hill nicole.hill@dc.gov

Nora Q.E. Passamaneck nora.passamaneck@coag.gov

Robin Jacobs robin.jacobs@delaware.gov

Samuel B. Stratton sam.stratton@vermont.gov, jessica.mishaan@vermont.gov

Scott P. Kennedy scott.kennedy@doj.oregon.gov

Stephen Thompson stephen.thompson@ag.ny.gov

Steven Travis Mayo travis.mayo@ky.gov

Vanessa L. Kassab vanessa.kassab@delaware.gov

William Yates Durbin william.durbin@azag.gov, ACL@azag.gov

**1:26-cv-00439-MSM-AEM Notice has been delivered by other means to:**

APPEAL

# U.S. District Court
# District of Rhode Island (Providence)
# CIVIL DOCKET FOR CASE #: 1:26-cv-00439-MSM-AEM

State of Washington et al v. United States Department of Housing and Urban Development et al
Assigned to: District Judge Mary S. McElroy
Referred to: Magistrate Judge Amy E. Moses
Cause: 05:702 Administrative Procedure Act

Date Filed: 07/07/2026
Date Terminated: 08/07/2026
Jury Demand: None
Nature of Suit: 899 Other Statutes: Administrative Procedures Act/Review or Appeal of Agency Decision
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**State of Washington** represented by

**Andrew R.W. Hughes**
State of Washington Attorney General's Office
Complex Litigation
800 Fifth Avenue
Suite 2000
Seattle, WA 98104
206-464-7744
Email: andrew.hughes@atg.wa.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aliana Claire Knoepfler**
State of Washington Attorney General's Office
800 Fifth Avenue
Ste 200
Seattle, WA 98104
206-464-7744
Email: Aliana.Knoepfler@atg.wa.gov
*ATTORNEY TO BE NOTICED*

**Cristina Sepe**
Washington State Office of the Attorney General
Solicitor General's Office
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
360-753-7085
Email: cristina.sepe@atg.wa.gov
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **State of New York** | represented by | **Stephen Thompson**<br>Office of the New York State Attorney General<br>28 Liberty Street<br>New York, NY 10005<br>212-416-6183<br>Email: stephen.thompson@ag.ny.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**<u>Plaintiff</u>**

| | | |
|---|---|---|
| **State of Rhode Island** | represented by | **Jordan G. Mickman**<br>RI Department of Attorney General<br>150 South Main Street<br>Providence, RI 02903<br>401-274-4400<br>Email: jmickman@riag.ri.gov<br>*ATTORNEY TO BE NOTICED*<br><br>**Kathryn M. Sabatini**<br>Rhode Island Attorney General<br>150 South Main Street<br>Providence, RI 02906<br>401-274-4400<br>Email: KSabatini@riag.ri.gov<br>*ATTORNEY TO BE NOTICED*<br><br>**Leonard Giarrano , IV**<br>RI Department of Attorney General<br>150 South Main Street<br>Providence, RI 02903<br>401-274-4400<br>Email: lgiarrano@riag.ri.gov<br>*ATTORNEY TO BE NOTICED* |

**<u>Plaintiff</u>**

| | | |
|---|---|---|
| **State of Arizona** | represented by | **William Yates Durbin**<br>Arizona Attorney General's Office<br>Solicitor General's Office<br>2005 N Central Ave<br>Phoenix, AZ 85004-1592<br>602-542-8020<br>Fax: 602-542-8308<br>Email: william.durbin@azag.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**<u>Plaintiff</u>**

| | | |
|---|---|---|
| **State of California** | represented by | **Jarrell Mitchell**<br>Office of The Attorney General<br>Civil Rights Enforcement Section<br>300 South Spring Street<br>Suite 1702 |

Los Angeles, CA 90013
213-269-6562
Email: jarrell.mitchell@doj.ca.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lauren Greenawalt**
Office of the Attorney General
Civil Rights Enforcement Section
300 S Spring St
Ste 1700
Los Angeles, CA 90013
206-913-3326
Email: lauren.greenawalt@doj.ca.gov
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of Colorado** represented by **David Moskowitz**
Colorado Department of Law
Ralph L. Carr Judicial Building
1300 Broadway, 10th Floor
Denver, CO 80203
720-508-6784
Email: david.moskowitz@coag.gov
*ATTORNEY TO BE NOTICED*

**Nora Q.E. Passamaneck**
Colorado Department of Law
1300 Broadway
10th Floor
Denver, CO 80203
720-508-6633
Email: nora.passamaneck@coag.gov
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of Connecticut** represented by **Andrew M. Ammirati**
Office of the Attorney General
165 Capitol Avenue
Hartford, CT 06106
860-808-5090
Email: andrew.ammirati@ct.gov
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of Delaware** represented by **Ian Liston**
Delaware Department of Justice
Office of Impact Litigation
820 N. French Street
Wilmington, DE 19807
302-683-8875
Email: ian.liston@delaware.gov
*ATTORNEY TO BE NOTICED*

**Robin Jacobs**
Delaware Department of Justice
820 N French St.
5th Floor
Wilmington, DE 19801
410-837-8467
Email: robin.jacobs@delaware.gov
*ATTORNEY TO BE NOTICED*

**Vanessa L. Kassab**
Delaware Department of Justice
Division of Fraud and Consumer Protection
Carvel State Building
820 N. French St.
Wilmington, DE 19801
302-683-8881
Email: vanessa.kassab@delaware.gov
*ATTORNEY TO BE NOTICED*

**<u>Plaintiff</u>**

**District of Columbia** represented by **Nicole Suzanne Hill**
DC Oag
Public Advocacy Division
400 6th Street, N.W.
Washington, DC 20001
202-727-4171
Email: nicole.hill@dc.gov
*ATTORNEY TO BE NOTICED*

**<u>Plaintiff</u>**

**State of Illinois** represented by **Aleeza M. Strubel**
Illinois Attorney General's Office
Special Litigation
115 S. LaSalle
Chicago, IL 60603
312-814-3000
Fax: 312-814-4452
Email: aleeza.strubel@ilag.gov
*ATTORNEY TO BE NOTICED*

**Elena S Meth**
Office of the Illinois Attorney General
115 S. LaSalle St
Chicago, IL 60603
773-835-0182
Email: elena.meth@ilag.gov
*ATTORNEY TO BE NOTICED*

**<u>Plaintiff</u>**

**Office of the Governor ex rel. Andy Beshear**
*in His Official Capacity as Governor of the Commonwealth of Kentucky*
represented by **Steven Travis Mayo**
Office of the Governor
Office of General Counsel
501 High Street
Frankfort, KY 40601

502-564-2611
Fax: 502-564-3858
Email: travis.mayo@ky.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of Maine** represented by **Katherine Thompson**
Office of the Maine Attorney General
Litigation Division
6 State House Station
Augusta, ME 04333
207-626-8455
Email: kate.thompson@maine.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of Maryland** represented by **James C. Luh**
Office of the Attorney General- State of Maryland
Federal Accountability Unit
200 Saint Paul Place
Baltimore, MD 21202
410-576-6411
Email: jluh@oag.maryland.gov
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Commonwealth of Massachusetts** represented by **Michelle Rita Pascucci**
Massachusetts Office of the Attorney General
State Trial Counsel
1 Ashburton Place
Boston, MA 02108
617-963-2255
Email: michelle.pascucci@mass.gov
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of Michigan** represented by **Neil Giovanatti**
Michigan Department of Attorney General
525 W. Ottawa Street
P.O. Box 30758
Lansing, MI 48909
517-335-7603
Email: giovanattin@michigan.gov
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of Minnesota** represented by **Brian S. Carter**
Office of the Minnesota Attorney General
445 Minnesota Street

Ste 600
Saint Paul, MN 55101
651-300-7403
Email: brian.carter@ag.state.mn.us
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of New Jersey** represented by **Daniel P Resler**
NJ Division of Criminal Justice
Division of Law
25 Market Street
PO Box 093
Trenton, NJ 08625
862-381-4160
Email: daniel.resler@njoag.gov
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of New Mexico** represented by **Anjana Samant**
NM Department of Justice
408 Galisteo St
Santa Fe, NM 87501
505-270-4332
Email: asamant@nmdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of Oregon** represented by **Scott P. Kennedy**
Oregon Department of Justice
100 SW Market St.
Portland, OR 97201
971-673-1880
Email: scott.kennedy@doj.oregon.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Governor Josh Shapiro**
*in His Capacity as Governor of the Commonwealth of Pennsylvania*
represented by **Jacob Boyer**
Office of General Counsel
30 North Third Street
Suite 200
Harrisburg, PA 17101
717-460-6786
Email: jacobboyer@pa.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of Vermont** represented by **Samuel B. Stratton**
Office of the Vermont Attorney General
Appellate Unit
109 State Street

Montpelier, VT 05609
781-507-3019
Email: sam.stratton@vermont.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Commonwealth of Virginia**

**Plaintiff**

**State of Wisconsin** represented by **Faye B. Hipsman**
Wisconsin Department of Justice
Special Litigation & Appeals Unit
17 West Main Street
Madison, WI 53707
608-264-9487
Email: hipsmanfb@doj.state.wi.us
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**United States Department of Housing and Urban Development** represented by **Michael Benjamin Bruns**
DOJ-Civ
1100 L St NW
Washington, DC 20012
202-514-4011
Email: michael.bruns@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Eric Scott Turner**
*in his official capacity as Secretary of the United States Department of Housing and Urban Development* represented by **Michael Benjamin Bruns**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/07/2026 | 1 | COMPLAINT ( filing fee paid $ 405.00, receipt number ARIDC-2305766 ), filed by State of Rhode Island. (Attachments: # 1 Appendix, # 2 Civil Cover Sheet, # 3 Summons Request (HUD), # 4 Summons Request (Turner))(Giarrano, Leonard) (Entered: 07/07/2026) |
| 07/07/2026 | | CASE CONDITIONALLY ASSIGNED to District Judge Mary S. McElroy and Magistrate Judge Amy E. Moses based upon the indication on the cover sheet that a related case previously was assigned to the presiding judge. Related Case Number 1:25-cv-626-MSM-AEM. The assignment is subject to the presiding judge's determination that the cases, in fact, are related. (Gonzalez Gomez, Viviana) (Entered: 07/07/2026) |
| 07/07/2026 | 2 | CASE OPENING NOTICE ISSUED. (Gonzalez Gomez, Viviana) (Entered: 07/07/2026) |

| | | |
|---|---|---|
| 07/07/2026 | 3 | Summons Issued as to Eric Scott Turner, United States Department of Housing and Urban Development. (Attachments: # 1 Summons Issued as to Turner) (Gonzalez Gomez, Viviana) (Entered: 07/07/2026) |
| 07/09/2026 | | TEXT ORDER: Pursuant to LR Gen 101(c), the Court suspends LR Gen 201(a) and any attorney employed by a State and is a member in good standing of the bar of another federal district court and each jurisdiction in which that attorney has been admitted may appear and practice in this matter without being admitted pro hac vice. Attorneys appearing on behalf of the States are directed to obtain filing privileges via PACER and to enter their appearances. So Ordered by District Judge Mary S. McElroy on 7/9/2026. (Potter, Carrie) (Entered: 07/09/2026) |
| 07/09/2026 | 4 | NOTICE of Appearance by Stephen Thompson on behalf of State of New York (Thompson, Stephen) (Entered: 07/09/2026) |
| 07/09/2026 | 5 | SUMMONS Returned Executed by State of Rhode Island. All Defendants. (Attachments: # 1 Summons Returned Executed (Turner))(Giarrano, Leonard) (Entered: 07/09/2026) |
| 07/09/2026 | 6 | NOTICE of Appearance by Cristina Sepe on behalf of State of Washington (Sepe, Cristina) (Entered: 07/09/2026) |
| 07/09/2026 | 7 | NOTICE of Appearance by Andrew R.W. Hughes on behalf of State of Washington (Hughes, Andrew) (Entered: 07/09/2026) |
| 07/09/2026 | 8 | NOTICE of Appearance by Elena S Meth on behalf of State of Illinois (Meth, Elena) (Entered: 07/09/2026) |
| 07/09/2026 | 9 | NOTICE of Appearance by Aliana Claire Knoepfler on behalf of State of Washington (Knoepfler, Aliana) (Entered: 07/09/2026) |
| 07/09/2026 | 10 | NOTICE of Appearance by Steven Travis Mayo on behalf of Office of the Governor ex rel. Andy Beshear (Mayo, Steven) (Entered: 07/09/2026) |
| 07/09/2026 | 11 | NOTICE of Appearance by James C. Luh on behalf of State of Maryland (Luh, James) (Entered: 07/09/2026) |
| 07/09/2026 | 12 | NOTICE of Appearance by Michael Benjamin Bruns on behalf of All Defendants (Bruns, Michael) (Entered: 07/09/2026) |
| 07/09/2026 | 13 | NOTICE of Appearance by Ian Liston on behalf of State of Delaware (Liston, Ian) (Entered: 07/09/2026) |
| 07/09/2026 | 14 | NOTICE of Appearance by Vanessa L. Kassab on behalf of State of Delaware (Kassab, Vanessa) (Entered: 07/09/2026) |
| 07/09/2026 | 15 | NOTICE of Appearance by Jacob Boyer on behalf of Josh Shapiro (Boyer, Jacob) (Entered: 07/09/2026) |
| 07/09/2026 | 16 | STIPULATION *FOR SCHEDULING ORDER AND TO WAIVE STATEMENTS OF UNDISPUTED FACTS* filed by All Plaintiffs. (Hughes, Andrew) (Entered: 07/09/2026) |
| 07/09/2026 | 17 | NOTICE of Appearance by Michelle Rita Pascucci on behalf of Commonwealth of Massachusetts (Pascucci, Michelle) (Entered: 07/09/2026) |
| 07/09/2026 | 18 | NOTICE of Appearance by Neil Giovanatti on behalf of State of Michigan (Giovanatti, Neil) (Entered: 07/09/2026) |
| 07/09/2026 | 19 | NOTICE of Appearance by Anjana Samant on behalf of State of New Mexico (Samant, Anjana) (Entered: 07/09/2026) |

| | | |
|---|---|---|
| 07/10/2026 | 20 | NOTICE of Appearance by Aleeza M. Strubel on behalf of State of Illinois (Strubel, Aleeza) (Entered: 07/10/2026) |
| 07/10/2026 | 21 | NOTICE of Appearance by Robin Jacobs on behalf of State of Delaware (Jacobs, Robin) (Entered: 07/10/2026) |
| 07/10/2026 | 22 | NOTICE of Appearance by Brian S. Carter on behalf of State of Minnesota (Carter, Brian) (Entered: 07/10/2026) |
| 07/10/2026 | 23 | NOTICE of Appearance by Nicole Suzanne Hill on behalf of District of Columbia (Hill, Nicole) (Entered: 07/10/2026) |
| 07/10/2026 | 24 | NOTICE of Appearance by Lauren Greenawalt on behalf of State of California (Greenawalt, Lauren) (Entered: 07/10/2026) |
| 07/13/2026 | 25 | NOTICE of Appearance by Samuel B. Stratton on behalf of State of Vermont (Stratton, Samuel) (Entered: 07/13/2026) |
| 07/13/2026 | 26 | NOTICE of Appearance by Jarrell Mitchell on behalf of State of California (Mitchell, Jarrell) (Entered: 07/13/2026) |
| 07/13/2026 | 27 | NOTICE by Eric Scott Turner, United States Department of Housing and Urban Development (Attachments: # 1 Exhibit Index, # 2 Exhibit Certification)(Bruns, Michael) (Entered: 07/13/2026) |
| 07/13/2026 | 28 | NOTICE of Appearance by Daniel P Resler on behalf of State of New Jersey (Resler, Daniel) (Entered: 07/13/2026) |
| 07/14/2026 | 29 | NOTICE of Appearance by David Moskowitz on behalf of State of Colorado (Moskowitz, David) (Entered: 07/14/2026) |
| 07/14/2026 | 30 | NOTICE of Appearance by Nora Q.E. Passamaneck on behalf of State of Colorado (Passamaneck, Nora) (Entered: 07/14/2026) |
| 07/14/2026 | 31 | NOTICE of Appearance by Katherine Thompson on behalf of State of Maine (Thompson, Katherine) (Entered: 07/14/2026) |
| 07/14/2026 | 32 | NOTICE of Appearance by State of Arizona (Hill, Cherelle) (Entered: 07/14/2026) |
| 07/15/2026 | 33 | NOTICE of Appearance by Faye B. Hipsman on behalf of State of Wisconsin (Hipsman, Faye) (Entered: 07/15/2026) |
| 07/17/2026 | 34 | MOTION for Summary Judgment *or, in the Alternative, Motion for Preliminary Injunction* filed by All Plaintiffs. **Responses due by 7/31/2026.** (Hughes, Andrew) (Entered: 07/17/2026) |
| 07/17/2026 | 35 | DECLARATION re 34 MOTION for Summary Judgment *or, in the Alternative, Motion for Preliminary Injunction Aliana C. Knoepfler* by All Plaintiffs. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Hughes, Andrew) (Entered: 07/17/2026) |
| 07/17/2026 | 36 | DECLARATION re 34 MOTION for Summary Judgment *or, in the Alternative, Motion for Preliminary Injunction Index of Declarations in Support of Plaintiff States' Motion* by All Plaintiffs. (Attachments: # 1 Nicholas Mondau, # 2 Dana Greenberg, # 3 Carol Ventura, # 4 Ruby Dhillon-Williams, # 5 Corrin Buchanan, # 6 Megan Kirkeby, # 7 Meghan Marshall, # 8 Tyler Jaeckel, # 9 Nancy Navarretta, # 10 Jennifer Min, # 11 Matthew Heckles, # 12 Rachel Stucker, # 13 Christine Haley, # 14 Winifred (Wendy) Kaye Smith, # 15 Karen R. Byron, # 16 Danielle Meister, # 17 Greg Payne, # 18 Sarah Squirrell, # 19 Paula Kaiser Van Dam, # 20 Jennifer Leimaile Ho, # 21 Janel Winter, # 22 Sarita Nair, # 23 Marc Jolin, # 24 Stephanie Meyer, # 25 Richard P. Vilello, # 26 Tamarah A. Holmes, # 27 Lily Sojourner, # 28 Mark Staff)(Hughes, Andrew) (Entered: 07/17/2026) |

| | | |
|---|---|---|
| 07/24/2026 | 37 | Cross MOTION for Summary Judgment *and Opposition to Plaintiffs' Motion for Summary Judgment, or in the alternative, Preliminary Injunction* filed by All Defendants. **Responses due by 8/7/2026.** (Bruns, Michael) (Entered: 07/24/2026) |
| 07/28/2026 | 38 | NOTICE of Appearance by Scott P. Kennedy on behalf of State of Oregon (Kennedy, Scott) (Entered: 07/28/2026) |
| 07/31/2026 | 39 | RESPONSE In Opposition to 37 Cross MOTION for Summary Judgment *and Opposition to Plaintiffs' Motion for Summary Judgment, or in the alternative, Preliminary Injunction and Reply In Support of Motion for Summary Judgment, or, in the Alternative, Motion for Preliminary Injunction* filed by All Plaintiffs. **Replies due by 8/7/2026.** (Hughes, Andrew) (Entered: 07/31/2026) |
| 08/03/2026 | 40 | NOTICE of Appearance by Andrew M. Ammirati on behalf of State of Connecticut (Ammirati, Andrew) (Entered: 08/03/2026) |
| 08/07/2026 | 41 | MEMORANDUM AND ORDER GRANTING IN PART AND DENYING IN PART 34 Plaintiffs' Motion for Summary Judgment and DENYING IN PART AND GRANTING IN PART 37 Defendants' Cross-Motion for Summary Judgment. The Court therefore sets aside HUD's issuance of the 2026 NOFO in its entirety as violative of the APA. The Court, however, denies Plaintiffs' request for a permanent injunction. Because, as described above, the Court concludes that the 2026 NOFO may not proceed based on its procedural infirmity, it obviates the need for the Court to rule on the other aspects of the parties' motions at this time. So Ordered by District Judge Mary S. McElroy on 8/7/2026. (Simoncelli, Michael) (Entered: 08/07/2026) |
| 08/07/2026 | 42 | JUDGMENT. So Ordered by Clerk of Court on 8/7/2026. (Simoncelli, Michael) (Entered: 08/07/2026) |
| 08/13/2026 | 43 | NOTICE OF APPEAL by Eric Scott Turner, United States Department of Housing and Urban Development as to 41 Memorandum and Order,,, Terminate Motions,, (No fee paid, USA, Waived by Statute, or IFP.)<br><br>**NOTICE TO COUNSEL: Counsel should register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf/. Counsel should also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf** Appeal Record due by 8/20/2026. (Bruns, Michael) (Entered: 08/13/2026) |
| 08/13/2026 | 44 | Emergency MOTION to Stay re 41 Memorandum and Order,,, Terminate Motions,, , *relief requested by August 17, 2026* filed by All Defendants. **Responses due by 8/27/2026.** (Attachments: # 1 Affidavit of Caitlyn McKenney)(Bruns, Michael) (Entered: 08/13/2026) |
| 08/13/2026 | | TEXT ORDER: Before the Court is Defendants' Combined Emergency Motion for a Stay of the Summary Judgment Order Pending Appeal (ECF No. 44 ). The Court has considered the arguments contained in Defendants' Motion. When evaluating whether to stay an order pending an appeal, the Court must consider: "(1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Does 1-3 v. Mills, 39 F.4th 20, 24 (1st Cir. 2022) (cleaned up). The Court concludes that Defendants have not met the aforementioned standard. Most notably, the Court determines that its issuance of a stay is not warranted based on the Defendants' failure to present the Court with a new, previously-unrejected basis on which they will likely succeed on the merits. Moreover, the Court determines that Defendants lack a cognizable harm in seeking to uphold agency action that the Court has set aside as violative of the law. *See Woonasquatucket River Watershed Council v. United States Dept of Agric.*, 778 F. Supp. 3d |

| | | |
|---|---|---|
| | | 440, 447 (D.R.I. 2025) ("[A]n agency is not harmed by an order prohibiting it from violating the law") (cleaned up). As a result, the Court DENIES Defendants Combined Emergency Motion for a Stay of the Summary Judgment Orders Pending Appeal, (ECF No. {44}). So Ordered by District Judge Mary S. McElroy on 8/13/2026. (Potter, Carrie) (Entered: 08/13/2026) |


| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 08/13/2026 14:32:47 | | | |
| **PACER Login:** | SarahClark | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:26-cv-00439-MSM-AEM |
| **Billable Pages:** | 8 | **Cost:** | 0.80 |