**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Room 7216
Washington, DC 20530

Tel: 202-305-8727

August 31, 2026

**VIA CM/ECF**

Anastasia Dubrovsky, Clerk of Court
U.S. Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

RE: *Washington v. HUD*, No. 26-1922 (1st Cir.)
*National Alliance to End Homelessness v. HUD*, No. 26-1923 (1st Cir.)

Dear Ms. Dubrovsky:

The federal government respectfully submits this response to the Court's order of August 27, directing the parties to file supplemental memoranda addressing whether 42 U.S.C. § 11382(a) provides the Secretary with discretion to make a set-aside of Continuum of Care funds so long as there are sufficient funds to comply with the congressionally mandated set-asides under 42 U.S.C. § 11386b(a) & (b). The order further directs the parties to address the meaning of "bonuses or other incentives" as that term is used in 42 U.S.C. § 11386b(d)(1), and to identify any regulations, policies, guidance, or other documents explaining how such "bonuses or other incentives" are provided.

## A. Background

For many years, Congress has appropriated, and HUD has granted, funds under the Continuum of Care program to meet Congress's express purposes for the program, which include "optimiz[ing] self-sufficiency among individuals and families experiencing homelessness" and "provid[ing] funding for efforts by nonprofit

providers and State and local governments to quickly rehouse homeless individuals and families while minimizing the trauma and dislocation caused to individuals, families, and communities by homelessness." 42 U.S.C. § 11381. HUD awards Continuum of Care grants on a nationally competitive basis, using statutory selection criteria and "such other factors as the Secretary determines to be appropriate to carry out this part in an effective and efficient manner." *Id.* § 11386a(b)(1)(G); *see also id.* § 11382(a).

Congress appropriated over $4 billion for the Continuum of Care program for fiscal year 2026.[1] The notice of funding opportunity at issue here set aside $1.3 billion of those funds for new projects with a priority for transitional housing and "supportive services only" projects (as opposed to permanent housing) to "increase competition, broaden the applicant pool, and restore balance to the Continuum of Care Program." *See* ECF 35-1, at 35-36, *Washington v. HUD*, 1:26-cv-439 (D.R.I.) ("2026 NOFO"). New projects include existing projects applying to transition from one project type to another, meaning that existing grantees may be eligible for set-aside funds. *See id.*

Plaintiffs challenged the 2026 notice of funding opportunity on a variety of grounds. The district court concluded that HUD should have gone through notice and comment before including the set-aside in the notice of funding opportunity. In so concluding, the district court relied on a statute stating that "[t]he Secretary shall provide bonuses or other incentives" for Continuum of Care funding "for activities that have been proven to be effective at reducing homelessness," 42 U.S.C. § 11386b(d)(1), and that "activities that have been proven to be effective at reducing homelessness . . . includes" permanent supportive housing, rehousing services, and "any other activity determined by the Secretary, based on research and after notice and comment to the public, to have been proven effective at reducing homelessness," *id.* § 11386b(d)(2), (d)(2)(C). Having concluded that notice and comment was required for the set-aside, the district court vacated the notice of funding opportunity. This appeal followed.

### B. Discussion

**1.** 42 U.S.C. § 11382(a) provides the Secretary with discretion to make a set-aside of Continuum of Care funds so long as there are sufficient funds to comply with the congressionally mandated set-asides under 42 U.S.C. § 11386b(a) & (b) and any similar limitations in the specific appropriations act.

---

[1] The 2026 notice of funding opportunity makes $4.04 billion available to potential grantees. $4.01 billion of that was appropriated by Congress in the 2026 Appropriations Act. The remaining $30 million are "available funds that have been carried over or recaptured from previous fiscal years." 2026 NOFO at 7.

Section 11382(a) states that the "Secretary shall award grants, on a competitive basis, and using the selection criteria described in section 11386a of this title, to carry out eligible activities under this part for projects that meet the program requirements under section 11386 of this title, either by directly awarding funds to project sponsors or by awarding funds to unified funding agencies." 42 U.S.C.§ 11382(a). Congress delegated authority to the Secretary to "award funds to recipients through a national competition between geographic areas based on criteria established by the Secretary." 42 U.S.C. § 11386a(a). And the statute specifies that national competition criteria shall include "such other factors as the Secretary determines to be appropriate to carry out this part in an effective and efficient manner." 42 U.S.C. § 11386a(b)(1)(G).

As the Court's order noted, Congress has directed HUD to devote certain amounts of funds to specific activities. 42 U.S.C. § 11386b(a)(1) provides that HUD must dedicate Continuum of Care funds totaling at least 30% of the combined amount of Continuum of Care and Emergency Solutions Grants (another homelessness-services program) funds to "permanent housing for homeless individuals with disabilities and homeless families that include such an individual." Congress further provided, however, that this requirement "shall be suspended for any year in which funding available for [Continuum of Care] grants under this part after making the allocation established in paragraph (1) would not be sufficient to renew for 1 year all existing grants that would otherwise be fully funded under this part." 42 U.S.C. § 11386b(a)(4). This year's notice of funding opportunity triggers the suspension clause, *see* AR-72-74, as has occurred every year for over a decade. 42 U.S.C. § 11386b(b), meanwhile, directs HUD to dedicate Continuum of Care funds totaling at least 10% of the combined amount of Continuum of Care and Emergency Solutions Grants funds to "permanent housing for homeless families with children." 42 U.S.C. § 11386b(b). The 2026 notice of funding opportunity conforms to this requirement. *See* 2026 NOFO at 55-56, 89.

The 2026 Appropriations Act provides additional directives. It instructs the Secretary to select projects "totaling not less than 60 percent of the annual renewal demand for each collaborative applicant based on rankings determined by the local continuum of care and consistent with 42 U.S.C. 11381 et seq.," and to set aside approximately $52 million for new projects addressing domestic violence, 2026 Appropriations Act, 140 Stat. at 399-400. The set-aside at issue here is consistent with these directives as well.

Subject to these parameters, the Secretary can prioritize certain projects over others, as he does in every notice of funding opportunity. Historically, merit criteria have included both statutorily required selection criteria and additional criteria to advance policy goals. The 2024 notice of funding opportunity, for example, provided

points in the selection process to applicants for demonstrating an increase in the number of rapid rehousing beds and for coordinating with healthcare providers, and it expressly disfavored new transitional housing projects. *See* FY 2024 and FY 2025 Continuum of Care Competition and Renewal or Replacement of Youth Homeless Demonstration Program Grants at 39-40, 88, 94, 104 (available on the docket in the litigation over the 2025 notice of funding opportunity, at ECF 67-2, *National Alliance to End Homelessness v. HUD*, 1:25-cv-636 (D.R.I.)).

Congress's grant of this discretion to the Secretary makes sense in the context of the Secretary's responsibility to pursue the enumerated goals of the Continuum of Care program. Here, the Secretary made transitional housing and supportive-services-only projects a priority for selection for a subset of the appropriated funds. The Secretary found that too few projects were "optimiz[ing] self-sufficiency among individuals and families experiencing homelessness," 42 U.S.C. § 11381(4)—one of the goals of the program. Accordingly, he prioritized transitional housing and "supportive services only" projects in an effort to "rebalance the Continuum of Care," AR-73.

**2.** The term "bonuses or other incentives" as it is used in 42 U.S.C. § 11386b(d)(1) refers to funds that a grantee may receive if it fully implements one of the activities listed in subsection (d). As noted above, the Secretary has authority to adopt selection criteria that are appropriate to carry out the Continuum of Care program "in an effective and efficient manner." 42 U.S.C. § 11386a(b)(1)(G). The Continuum of Care program is a competition that, by its nature, requires the evaluation of applicants. HUD uses these criteria to select grantees and projects to receive standard funding. Once a grantee is selected, it may then be eligible for the type of bonus or other incentive referred to in 42 U.S.C. § 11386b(d)(1). Specifically, if a grantee "demonstrates that it has fully implemented any of the activities described in subsection (d) for all homeless individuals and families or for all members of subpopulations for whom such activities are targeted," the grantee "shall receive the bonus or incentive provided under subsection (d)." 42 U.S.C. § 11386b(e). The grantee need not use the bonus or incentive on the particular activity through which it earned the incentive, "but may use such bonus or incentive for any" Continuum of Care activity. *Id.*

To date, no grantee has "demonstrate[d] that it has fully implemented any of the activities described in subsection (d) for all homeless individuals and families or for all members of subpopulations for whom such activities are targeted," 42 U.S.C. § 11386b(e). So HUD has not published any regulations, policies, guidance, or other documents explaining how "bonuses and other incentives" under 42 U.S.C. § 11386b(d) are provided, apart from 24 C.F.R. § 578.17(a)(2)(ii), which addresses the mechanics of providing bonus dollars under 42 U.S.C. § 11386b(d).

Sincerely,

*/s/ Sarah Clark Griffin*
Sarah Clark Griffin
Counsel for the United States

cc: Counsel of Record (via CM/ECF)