IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

| | |
|---|---|
| STATE OF WASHINGTON, *et al.*,<br>Plaintiffs-Appellees,<br><br>v.<br><br>U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.*,<br>Defendants-Appellants.<br><br>--------------------------------------------------------------<br><br>NATIONAL ALLIANCE TO END HOMELESSNESS, *et al.*,<br>Plaintiffs-Appellees,<br><br>v.<br><br>U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.*,<br>Defendants-Appellants. | Nos. 26-1922, 1923 |

**DEFENDANTS-APPELLANTS' OPPOSITION TO PLAINTIFF-APPELLEES' EMERGENCY MOTIONS FOR SUMMARY VACATUR AND REMAND**

Plaintiffs ask this Court to summarily vacate and remand without acknowledging that the district court's decision is wrong, urging that the controversy is moot, or identifying any other legal basis for vacatur. All plaintiffs do is assert that they are willing to forgo their notice-and-comment claims, but they have not taken any steps to dismiss those claims with prejudice in the district court. The prospect of their potential future dismissal is not a basis to immediately end HUD's appeal.

1. Plaintiffs challenged HUD's 2026 notice of funding opportunity for Continuum of Care program funds. In August, the district court vacated the notice of funding opportunity on summary judgment on the basis that HUD was required to go through notice and comment before setting aside a portion of the funds for certain non-permanent-housing projects. HUD appealed and sought a stay pending appeal. On September 16, this Court granted a stay.

2. On September 21, plaintiffs filed this motion, asking this Court to summarily vacate the district court's decision setting aside the notice of funding opportunity; remand the case for further proceedings on their other claims; and issue the mandate immediately upon the summary vacatur. Mot. 1 (*National Alliance to End Homelessness v. HUD*); Mot. 2 (*Washington v. HUD*).

3. The *NAEH* plaintiffs state that "they are willing to forgo their § 11386b(d) notice-and-comment claim." Mot. 5 (*NAEH*). But that expression of willingness, without more, is not a basis to immediately end HUD's appeal. Plaintiffs do not confess error, instead maintaining their position that the district court was correct. *Id.*; Mot. 1 (*Washington*). Nor do they urge that the controversy before the Court is moot, as would be the case if plaintiffs had obtained a dismissal with prejudice of their notice-and-comment claim from the district court. Plaintiffs thus identify no legal basis for ending the federal government's pending appeal. *See* 1st Cir. R. 27(c) (describing bases for summary disposition). Nor are plaintiffs providing the government with all the practical relief the government is seeking in this appeal. Were the Court to summarily vacate (as

opposed to reversing) the district court's notice-and-comment decision now, plaintiffs could attempt to revive that claim later. In short, it would at the least be premature to grant the requested relief before plaintiffs have removed their notice-and-comment claim from the case, with prejudice.

4. Plaintiffs contend that summary vacatur will protect them from undue prejudice, conserve judicial resources, and result in no prejudice to HUD. Mot. 5-6 (*NAEH*). But HUD would be prejudiced by an order ending its appeal immediately, for the reasons discussed above, and by uncertainty on the notice-and-comment issue. And any prejudice to plaintiffs in needing to wait to seek a ruling on their remaining claims is a normal feature of litigation. As for conserving judicial resources, it is not obvious that ending the appeal immediately would serve that goal, particularly if the district court does not resolve all of plaintiffs' remaining claims on remand, potentially prolonging uncertainty for grantees and program beneficiaries.

5. Although the State plaintiffs join in NAEH's motion, they have not independently expressed even a willingness to forgo their notice-and-comment claim. Mot. 1 (*Washington*). Assuming they are willing, the same objections apply. And if they are not, there is even less basis to short-circuit HUD's appeal on this claim.

6. The State plaintiffs argue that the requested relief should be granted on the basis that the notice-and-comment issue "will likely be moot before this Court has an opportunity to reach an ultimate decision." Mot. 1 (*Washington*). But the possibility that an appeal may become moot in the future is no basis to end an appeal immediately.

And the notice in question expressly stated that it did not concede that notice-and-comment was necessary to issue the set-aside. If and when plaintiffs believe the appeal is moot, they can move to dismiss the appeal on that basis.

7. In the alternative, plaintiffs ask the Court to adopt a highly expedited schedule for this appeal, anticipating that this Court might lift the stay based on arguments not resolved at the stay stage. *See* Mot. 1 (*NAEH*); Mot. 2 (*Washington*). But plaintiffs had an opportunity to oppose interim relief on any ground they deemed appropriate. Now that HUD has obtained interim relief, plaintiffs are not entitled to another bite at the apple in the guise of highly expedited merits proceedings.

For the foregoing reasons, plaintiffs' emergency motions should be denied.

Respectfully submitted,


DANIEL TENNY

*/s/ Sarah Clark Griffin*

SARAH CLARK GRIFFIN
*Attorneys, Appellate Staff*
*Civil Division, Room 7216*
*U.S. Department of Justice*
*950 Pennsylvania Ave., N.W.*
*Washington, D.C. 20530*
*202-305-8727*


SEPTEMBER 2026

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify that this opposition complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Garamond, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 737 words, according to the count of Microsoft Word.

*/s/ Sarah Clark Griffin*
Sarah Clark Griffin

**CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2026, I filed and served the foregoing opposition with the Clerk of the Court by using the appellate CM/ECF system. I also hereby certify that the participants in the case are registered CM/ECF users and will be served via the CM/ECF system.

*/s/ Sarah Clark Griffin*
Sarah Clark Griffin